

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**
**TUCSON DIVISION**
Evo A. DeConcini U.S. Courthouse
405 West Congress Street, Suite 1500
Tucson, AZ 85701

| | | |
|---|---|---|
| **LAWRENCE H. HOBBS**, | § | CIVIL ACTION COMPLAINT |
| | § | |
| Plaintiff, | § | CV-22-540-TUC-JR |
| | § | No. _____ |
| v. | § | |
| | § | **JURY TRIAL DEMANDED** |
| **M3 Engineering & Technology Corp.** | § | |
| c/o Alberto Bennett, in his official capacity | § | |
| as President, William Oppenheimer and | § | |
| Barbara Oppenheimer, in their induvial and | § | |
| personal capacities, and John or Jane Doe | § | Date: November 28th, 2022 |
| Defendant(s), | § | |
| | § | |

## PLAINTIFFS COMPLAINT ASSERTING

## VIOLATIONS OF CIVIL, EQUAL EMPLOYMENT RIGHTS

## AND

## TORTIOUS INTERFERENCE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW the Plaintiff, LAWRENCE HOUSTON HOBBS, *Pro Se*, (hereinafter Plaintiff),

presenting before this bar his "Original Complaint" pursuant to *Federal Rules of Civil Procedure,*

*Rule 8*, which requires a "*short, plain statement of facts*", which the Plaintiff has properly done so,

in submitting before this bar, The United States District Court for the District of Arizona (D. Az.),

and pursuant to the Plaintiffs *Pro Se* rights to have this initial complaint liberally construed, it is

asserted herein, violations of Plaintiffs rights, as executed by the Defendant(s), were unlawful

under the Constitution of The United States[1] and the applicable equal employment laws of that

sovereignty and/or and the applicable civil and equal employment laws of the State of Arizona as found in the states Constitution, the Arizona Revised Statutes (ARS) inclusive of the Arizona Civil Rights Act (ARS 41-1463) [4, 7, 8]

Defendants' unlawful conduct constituted a promise by the Defendant(s) upon which the Plaintiff relied upon to his detriment and which the promisor(s) should reasonably have foreseen would cause the promisee to so rely and therefore established a contractual agreement by Promissory Estoppel.

The Defendant(s) subsequently violated that contractual agreement by unlawfully entering one or more conspiracies to defraud the Plaintiff and deliberately executed Perjurious, Libelous and Slanderous statements, made both orally and in writing, and additionally communicated electronically, as wire fraud communication, which violated the Plaintiffs rights to privacy. Said statements were made under the pretext of violating Plaintiffs civil and equal employment rights. Plaintiff additionally asserts the Defendant(s) violated certain contractual interference laws of both sovereignties pursuant to the 2nd Restatement of Torts and other laws as cited herein.

The relief and/or remedies requested herein are inclusive of, but not limited to, monetary pecuniary and non-pecuniary damages, amounting to one and one-half million dollars ($1,500,000.00). Plaintiff, as ascribed to herein, also requests certain relief in the form of certain non-monetary forms of relief.

This complaint is submitted before this bar pursuant to its jurisdiction to address disputes involving diversity of citizenship, questions of Federal law and as the unlawful violations occurred within this bar's jurisdictional boundaries, jurisdictional oversight by this bar is appropriate.

Pursuant to Fed. R. Civ. P. 8(a)(2), this Complaint gives fair notice of what the claim is and the grounds upon which it rests. The allegations presented herein, exceed the requirements of any doctrine of "plausibility" to suggest that the Plaintiff has a right to seek the relief, requested herein, and his allegations have raised the possibility that said actions, are above a "speculative level".

Therefore, when reviewing this Complaint, the Court is required to accept as true, all of the well-pleaded facts presented herein, and draw all reasonable inferences in favor of the Plaintiff, that as presented herein, said facts which demonstrate that the Defendant(s) have acted unlawfully, and said acts can be proven upon receipt of additional evidence in discovery for which Plaintiff is entitled to, as well as present his allegations before a jury. Based on that presentment, Plaintiff is also entitled to a rendering of a jury's ruling on the merits of his claims.

This Complaint is concurrently filed with a complimentary motion to permit Plaintiff to proceed and file hos documents electronically (E-File), pursuant to this Plaintiffs understanding of this Courts local rules. Said requests pursuant to the complimentary motion/petitions attached hereto, namely his motions to "E-File", have been previously accepted by prior courts of Federal jurisdiction and thus, as established by precedence of other Federal Courts, which under the Doctrine of *Stare Deices*, should not be unlawfully denied, when likewise requested within this Court's jurisdiction.

As the mining industry is a small and well networked industry and is significantly inter-connected, and as Plaintiffs current employer, employs the Defendant **M3** on a consulting basis in said industry, Plaintiff additionally requests herein this Court, under its own authority and discretion, to order the Defendant(s), during the pendency of this action, to cease and desist or otherwise bar,

Defendant(s) and its agents from making any additional defamatory, libelous, slanderous, and/or derogatory comments, or any comments whatsoever, to any former, current or potential person and/or employer, re: the Plaintiff, to prevent additional harms upon the Plaintiff.

---

Footnotes: Repetitive Citations and Attributions

[1] All citations to United States Constitution are attributed to: https://constitution.congress.gov/constitution/
[2] All citations to United States Code are attributed to: https://uscode.house.gov/search/criteria.shtml
[3] All citations to United States Code of Federal regulations are attributed to: https://www.govinfo.gov/help/cfr
[4] All citations to the Arizona Constitution, Arizona Revised Statutes (ARS), Rules of Civil Procedure, and case law unless otherwise stated, are attributed to: West (2021)
[5] Citation format predominately sourced from: https://tarlton.law.utexas.edu/bluebook-legal-citation/overview
[6] Underlined "blue text" is a hyperlink to the internet source cited; "available at:" internet address
[7] All citations to the Constitution of the State of Arizona attributed to: https://www.azleg.gov/constitution/
[8] All citations to Arizona Revised Statutes attributed to: https://www.azleg.gov/arstitle/

## I. PARTIES, JURISDICTION AND VENUE

This "Original Complaint", herein after referred to as, "This Complaint", or as *"Hobbs v. M3 et al"*, in short caption form, is a civil action arising under Federal and Arizona State law, for A) Deprivation of Plaintiff's certain constitutional civil, equal employment and privacy rights, pursuant to EEOC Charge No. 540-2022-03963; B) His Federal rights to be free from unlawful intervention in the performance of his duties as a Federal employee, and his statutory Federal and state-law rights; to not suffer from unlawful conduct ascribed to herein as; C) Certain Conspiracies, Frauds or Deceits; D) from Libelous, Slanderous and Defamatory Statements; and E) from Tortious Interference with Plaintiffs employment related contractual agreements. Said deprivations were executed as a conspiracy by mutual agreement among agents of the Defendant, a business entity entitled as **M3 Engineering and Technology Inc.**, based in Tucson Arizona, herein after referred to as **"M3"** and as more fully described herein. Additional identified Defendants are inclusive of un-identified agents, as John and/or Jane Does, in the employ of **M3**, an employee of **M3**, **William Oppenheimer** and his spouse **Barbara Oppenheimer**.

**Plaintiff:** This Complaint instant, herein after referred to as "***Hobbs v. M3 et al***", in short caption form, as submitted by Plaintiff, ***Lawrence H. Hobbs***, who at all relevant times was as a Federal employee, pursuant to placement in a certain administrative status, as established by certain employment contractual agreements pertinent to his employment and this action, currently formally resides within the State of Texas, County of Comal, in an unincorporated rural area identified as Canyon Lake, with his current contact information as:

> Lawrence H Hobbs Pro Se
> P.O. Box 1880/1300 FM 2673
> Canyon Lake, TX 78133-9998
> PH: 830-313-3591
> EMAIL: lhheeo@gmail.com

Plaintiff, a degreed Geologist, Mining Engineer and Project Manager, is possessive of extensive public and private sector applicable experience. Thus, Plaintiff was/is an extremely well qualified candidate for employment as pertinent to this cause.

**Defendant M3**: Per the internet site *OpenCorporates, The Open Database Of The Corporate World:* M3 ENGINEERING & TECHNOLOGY CORPORATION (M3), is listed as:

> Company Number: 05150317
> Status: Active
> Incorporation Date: 23 April 1986 (over 36 years ago)
> Company Type: Domestic For-Profit (Business) Corporation
> Jurisdiction: Arizona (US)
> Registered Address: 2051 W SUNSET RD #101, TUCSON, 85704, Pima, AZ, United States
> Business Classification Text: Professional, Scientific, and Technical Services Engineering Services
> Agent Name: DANIEL H NEFF
> Directors / Officers: ALBERTO BENNETT, director/president/ceo, since 8 Nov 2013 -
> Available at: https://opencorporates.com/companies/us_az/05150317

**M3 Engineering and Technology Corporation (M3)**. Based in Tucson, AZ, **M3 Engineering & Technology** is a medium-sized construction company with 488 employees and a revenue of

$55.0M. Said companies contact information per their web site is: Corporate Office, 2051 W. Sunset Rd., Suite 101, Tucson, Arizona 85704, T +1 520 293 1488, F +1 520 293 8349, E m3@m3eng.com

Said company, self identifies as a privately held full-service engineering and design firm. Said company emphasizes a merger of 3 disciplines: Architecture, Engineering and Construction Management providing continuous design and construction services from project conception to final testing and integration. Offering a diverse field of services to a broad international client base, inclusive of holding an extensive mining company clientele base and ongoing business interests pursuant to that industry.

**M3 Engineering & Technology Corporation** is an employee-owned, engineering and construction management firm with a staff of over 250 persons. **M3's** main office is in Tucson, Arizona, with satellite offices in Chandler, Arizona, and Hermosillo, Mexico. **M3** has assisted over 900 clients with 7,000 projects. Since its founding in 1986, **M3 Engineering & Technology Corporation** has specialized in mining project design, procurement and construction management. These projects, both domestic and international, commonly include unique challenges requiring experienced process and detailed engineering expertise. **M3** has grown and increased its service capability to the mining sector in times of low metal prices and now high metal prices to the point that today it ranks as one of the largest and most experienced minerals-oriented engineering companies in North America.

In 1991, **M3** assisted Hecla with the La Choya Gold greenfields project in Mexico. It was the first foreign-owned project allowed under the New Mexican mining law. Since then, **M3** has averaged one completed greenfields project per year in Mexico to a constructed value of more than 1 billion

dollars on the largest project. M3 is also doing large greenfields projects in the U.S. and Canada, including three large copper projects in Arizona.

As **M3** specializes in servicing the mining industry, and Plaintiffs prior whistleblowing and sufferings from retaliation are connected with that industry, as misconduct of certain mining companies and Federal officials regulating that industry, which retained **M3** services and/or with whom, **M3** desired/desires to establish or maintain business relationships, **M3's** discriminatory motives can be readily established.

One or more of M3's employees, agents or proxies, entered one or more conspiracies to harm the Plaintiff. Such harms commenced when an agent/proxy of **M3**, executed a contract by promissory estoppple, and subsequently and unlawfully made perjurious, defamatory, slanderous and libelous statements, re the Plaintiff for the purposes of rescinding or nullifying said contract or executed a de facto unlawful discharge. Such acts by one or more of its employees, agents or proxies, imputed liability upon **M3**, as a business entity. Additionally, through acts of its agents, said agents executed malicious interference with a Federal Officer, and made such false statements as pretext for invidious discrimination and tortious interference.

**Defendant William, "Bill" Oppenheimer" (WO)**: WO is an employee agent of the firm **M3** described herein. **WO** and Plaintiff held a prior working and friendship extending back to approximately 1990. Both said Defendant **WO** and Plaintiff have extensive experience in the minerals industry and the field of project management as either degreed Geologists/Project Managers.

Pursuant to the Plaintiffs extensive experience and areas of specialty, multiple times over the

course of their relationship, Defendant **WO**, offered to employ Plaintiff with his firm, the company entitled: M3 Engineering and Technology Corporation (**M3**) on multiple occasions prior to this incident in question. Pursuant to this litigation, Mr. Oppenheimer, executed a contract by promissory estoppple and subsequently and unlawfully made perjurious, defamatory, slanderous and libelous statements, re the Plaintiff for the purposes of malicious interference with a Federal Officer, establishing pretext for invidious discrimination and for tortious interference. Defendants last known address is:

> William Oppenheimer
> 10036 N Wild Creek Dr,
> Oro Valley; Pima County
> AZ 85742
> 520-248-3967
> William.Oppenheimer@m3eng.com

**Defendant Barbara Oppenheimer" (BO): Defendant Barbara Oppenheimer** is the spouse of Defendant **WO** and has known of or interacted with the Plaintiff since Plaintiff first commenced working with Defendant **WO**. Defendant **BO** shares a financial interest in M3 as the spouse of WO, but otherwise works as a health care professional. Defendant BO acted with adversarial intent and animosity against the Plaintiff and promoted the averse treatment of the Plaintiff as a co-conspirator. Defendants last known address is:

> Barbara Jean Oppenheimer
> 10036 N Wild Creek Dr,
> Oro Valley; Pima County
> AZ 85742
> 520-248-3967
> c/o William.Oppenheimer@m3eng.com

**Defendants John and/or Jane Doe:** Said defendants are place holders for the identification, during discovery, of one or more employees, agents, proxies, who were also participants in the

conspiracy, and either employed by **M3**, and/or if not formally employed by **M3**, were in business relationships with **M3**, as independent contractors or consultants.

**Venue:** A Federal district court has "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Jurisdiction is also established as this dispute between the parties exceeds $75,000 and diversity of citizenship exists. See 28 U.S.C. § 1331. This Court has subject matter jurisdiction of the action pursuant to 28 U.S.C. §§ 1331, 1332, 1343 and 1367; and 25 CFR § 11.406(a)(2) and (3)[3].

**Federal Questions:** There is one or more Federal questions to be addressed before this bar by this complaint, which arises under either the Constitution, laws, or treatises of the United States. See 28 U.S.C. § 1331. It is undisputed and/or indisputable, that the Plaintiff was at relevant times a Federal employee, subject to an employment agreement between him and one or more Federal Agencies, therefore engaged in an employment contract with the United States.

It is also undisputed and/or indisputable, the Plaintiff was engaged in a "labor dispute" with one or more of his Federal employers as defined under 29 U.S. Code § 113 pursuant to those contracts. It is also undisputed and/or indisputable said "labor dispute", involved questions of certain violations of Federal criminal statutes, statutory rights and/or entitlements.

Pursuant to the reference to certain Federal criminal statutes cited herein, this Complaint raises those not for purposes of determination of criminal guilt, but rather for determination of civil liability for such unlawful activity, for which there are remedies under appropriate civil law.

Frequently the violations of criminal statutes automatically give rise to money damages claims because the law has already recognized such a claim, regardless of what the criminal statute states. The most common example of this is car accidents and truck accidents. There may be a crime committed by violation of the motor vehicle code or a drunk driving law. None of those criminal statutes include specific language allowing victims to sue in civil court for money damages. Yet there's no question that civil liability can arise from motor vehicle code violations and drunk driving.   Another example is assault and battery. Both are crimes under Arizona law, but those criminal statutes don't need special language to allow a victim to sue for money damages for assault and battery. Plaintiff asserts herein as the Federal government has failed to act lawfully as pertinent to this cause, Plaintiff is entitled to seek damages as a private action, for the unlawful interference by the Defendants, in his role as a current and/or Federal Officer or as otherwise indicated herein.

It is also undisputed and/or indisputable, the Plaintiff was engaged in  "arbitration" or "mediation" of his "labor dispute", through an administrative process, which under certain conditions of his employment contracts, required pursuit of relief, 1st through certain administrative "arbitration" remedies, as conducted by an "Federal Arbitration Entity", entitled as: The Equal Employment Opportunity Commission (EEOC), and if required, followed by additional "arbitration" as conducted by the  "Federal Arbitration Entity", entitled as: The Merit Systems Protection Board (MSPB). By formally entering the EEO process, Plaintiff properly commenced the required administrative process requirements pursuant to both his equal employment claims and his whistleblowing claims. Said administrative process was exhausted when facing well pleaded facts affirming discrimination and retaliation before the EEOC administrative judges, the EEOC refused to act, placing Plaintiffs cause in indefinite administrative delay.

If "arbitration" fails in those forums, the Plaintiff bears a contractual and statutory right to litigate

his employment dispute in the Federal Courts. Therefore, Defendants interference with those agreements, in addition to violations of Plaintiffs other Federal civil, equal employment, privacy and contractual rights, imputes additional federal jurisdiction on this matter. Only by filing litigation within the Federal Courts did agents of the EEOC act, and then only as a retaliatory measure, as their unlawful and discriminatory actions, are protected by qualified immunity.

The Plaintiff therefore asserts certain violations of Federal law by the Defendants which though are criminal, pursuant to Plaintiffs status as a Federal Official and/or generally per Arizona Law, which may classify him as a "Public Worker" or "Public Official". Herein Plaintiff asserts Defendants entered one or more civil conspiracies to interfere and thus this litigation asserts Defendants committed one or more torts, not simply a crime or crimes. See, e.g., *R. Prasad Indus. v. Flat Irons Envtl. Solutions Corp.*, 2013 WL 2217831, *14 (D. Ariz. May 20, 2013).

Therefore, it is not within the Plaintiffs ability to hold Defendants criminally liable for their lawless conduct, nor does it appear that any entity with the authority to do so would pursue such, however this cause of action does assert civil liability for their criminal conduct, pursuant to the legal claims asserted herein. See generally *Tovrea Land & Cattle Co. v. Linsenmeyer*, 100 Ariz. 107, 412 P.2d 47 (1966).

As such one or more additional "Federal Questions" may be raised, reaffirming jurisdiction, in which a jury may determine, Defendants violated one or more of the laws cited herein, inclusive of certain criminal statutes, which presently do not have civil liability attached, and as a result the Plaintiff suffered adversely, regardless of whether Defendants were criminally prosecuted, Plaintiff is entitled to a jury's determination that the Defendants are civilly liable for their unlawful conduct.

**Complaint Standards:** In full support of This Complaint instant, the Plaintiff incorporates, by reference, as if fully stated herein, his prior assertions of unlawful activity as executed by an agent of **M3**, Defendants **WO** and his spouse **BO** as ascribed to in the cause of action referenced as 4:22-cv-00290-JCH, before this bar instant.

Additionally, Plaintiff also incorporates by reference, also as if fully stated herein, his Federal records of prior engagement in protected activity, and the unlawful retaliation he suffered from that engagement, as recorded in his Federal EEO Complaints and as generally ascribed to in his pending litigation, against his former Federal employers, as attached to the civil cover sheet of this cause of action.

Under 28 U.S.C. § 1915(e), the Court is required to accept a complaint filed *in forma pauperis* (IFP) if it is not frivolous, malicious, or fails to state a claim upon which relief can be granted.

> "To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

This Complaint instant exceeds those requirements, though the Plaintiff, proceeding *Pro Se* must recite the elements of the causes of action asserted herein, to avoid any counter claims of a frivolous or malicious based nature of action, they are fully supported by factual assertions. Those assertions, in summary are: 1) Plaintiff at all relevant times was, is or shall remain a Federal employee, therefore a "Federal Officer", engaged in an employment dispute with his Federal employers on the grounds of violations of equal employment and whistleblowing laws; and 3) Commencing on or about January 2022, a valid employment opportunity existed for a project manager with Defendant **M3**; 4) Said opportunity was advertised publicly by Defendant **M3** on its

career website; and 5) Subsequent to that advertisement, an agent or proxy for Defendant **M3**, namely defendant William Oppenheimer, unsolicited by Plaintiff, extended a verbal contract offer of employment for a project manager position with **M3** to the Plaintiff; and 5) Said contract offer was verbally accepted by the Plaintiff; and 6) Plaintiff had no reasons to believe said contract offer was not a valid or conditional offer of employment; and 7) Plaintiff was extremely well qualified pursuant to the advertised skill sets desired and formally applied to the advertised position; and 7) Defendants **William Oppenheimer** and **Barbara Oppenheimer**, subsequently executed defamatory, slanderous, perjurious and libelous statements as *"Defamation Per Se"*, in falsely claiming the Plaintiff lost his driver's license privileges and physically assaulted employees at his prior employment; and 8) Said contract offer was subsequently withdrawn, rescinded and/or Plaintiff was discharged or otherwise said contract offer was not executed by Defendant **M3** for one or more unlawful reasons; and 9) Said defamatory, slanderous, perjurious and libelous statements as *"Defamation Per Se"*, established unlawful pretext, to cover Defendants true motives, which were to deny the Plaintiff the employment opportunity extended on the basis of invidious discrimination and otherwise interfere or retaliate against a Federal Officer for properly executing his job functions and to interfere with his other existing and future employment related contracts.

Plaintiff does not waive his indigent status claim, in the interest of expediency, he waives his IFP request by paying the required processing fees, and thus as it is specifically demonstrated herein a plausible claim for relief exists, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the Defendant(s) is/[are] liable for the misconduct alleged." *Id.* at 678.

Plaintiff reserves the right to amend this complaint pursuant to any claim it does not outline the relevant facts sufficiently. See *Wigglesworth v. Mauldin*, 195 Ariz. 432, 439, ¶ 26, 990 P.2d 26, 33 (App. 1999) (before dismissing on Rule 12(b)(6) grounds, if requested, "the non-moving party should be given an opportunity to amend the complaint if such an amendment cures its defects").

## I.  <u>Background Introduction</u>

The Plaintiff demonstrates sufficiently herein, and shall reaffirm in a trial upon the merits, or by complaint amendment, he suffered certain deprivations of his rights, as established by the <u>United States Constitution</u>, and/or <u>The Constitution of State of Arizona</u>, and pursuant to certain Federal and State statutes of those sovereignties, for which he is entitled, to proceed to present this "Original Complaint", and to seek additional discovery and present such evidence, in its entirety, before a jury seated in this Federal jurisdiction, alleging one or more violations of Federal and/or State law, and to seek the relief and/or remedies, as identified and requested from the Defendants identified herein, should he prevail in this cause of action.

This Complaint instant is brought forth pursuant to certain Federal and/or State laws, which makes it unlawful to violate the civil, equal employment, privacy and contractual rights of the Plaintiff, a Federal employee, suffering from previous, continuous and on-going unlawful harassment by his prior employing agencies of the United States.

Pursuant to that harassment, which occurred over the latter years of Plaintiffs active Federal employment, certain Federal agents entered into a conspiracy, through multiple violations of Plaintiffs civil and equal employment rights, sought to interfere with the performance of his official duties, to enter into a conspiracy to interfere with his Federal contractual agreements pertinent to his employment, and to enter into a conspiracy to interfere with his contractual agreements for

mediation of his employment disputes. Said agents have continuously maintained an on-going pattern of harassment and retaliation, inclusive of unlawfully and falsely making certain criminal accusations and false claims of federal debt owed.

The Plaintiff, pursuant to that unlawful conduct, filed numerous EEO/Whistleblowing complaints pursuant to the applicable Federal sector EEO process, which lead to additional and on-going retaliation and the failure to resolve in the EEO process has now led to Federal litigation. The Defendants actions were unlawful and fraudulent actions based, in part, on the Plaintiffs sufferings from Federal harassment.

Pursuant to this case instant, a senior official of the Defendant business entity, **M3**, its agent Defendant **WO**, unsolicited and fully knowledgeable of Plaintiffs outstanding qualifications, and particularly pertinent to the business needs of **M3**, verbally extended the Plaintiff an offer of employment. Said offer was a binding contract established by Promissory Estopple. The verbal extension of an offer of employment supports the Plaintiffs actionable fraud claim, as it was a "sufficiently definitive" promise. *Staheli v. Kauffman*, 122 Ariz. at 383, 595 P.2d at 175, (1979).

Pursuant to that request, Plaintiff verbally accepted said offer and formally applied to a then current and pertinent job posting with the Defendant business entity, **M3**, based on the verbal extension of an offer of employment. Plaintiffs applicable employment qualifications, ascribed herein, are incorporated by reference as supplied to the Defendant **M3** and as otherwise recorded on his resumes as of the date of submittal and to be provided in discovery.

Certain agents of **M3**, subsequently in support of their unlawful conspiratorial conduct and to justify their pretexts for employment discrimination, made libelous, slanderous and defamatory

statements about the Plaintiffs character which led to past and future harms for which he is entitled to recover damages pursuant to Arizona defamation law. State law defines a defamatory statement as one that must be "false and bring the defamed person into disrepute, contempt, or ridicule, or impeach her honesty, integrity, virtue, or reputation." *Godbehere v. Phoenix Newspapers, Inc.*, 162 Ariz. 335, 341 (Ariz. 1989); See also *Turner v. Devlin*, 174 Ariz. 201, 203-04 (1993).

Subsequent to the Plaintiffs submittal of the job offer by Defendant **WO** and formal job application made by Plaintiff in response, and thereafter, certain employee/agents of the Defendant **M3**, acting in conspiracy with Defendants **WO** and **BO**, imputed liability upon the Defendant **M3** as a business entity, and at least two or more of its agents, who also entered into a conspiracy to violate the Plaintiffs civil and equal employment rights, and/or otherwise unlawfully defame, slander, and libelously defraud him of the reasonable opportunity to be gainfully employed by **M3**.

Additionally, through their unlawful conduct, said agents of **M3**, in executing a conspiracy led in part by Defendant **WO**, and the willful participation of Defendant **BO**, and unnamed John or Jane Does, whom unlawfully interfered with one or more employment related contractual relationships between the Plaintiff and others, pursuant to the 2nd Restatement of Torts and other laws, including violations of Plaintiffs privacy, occurred as cited and described in greater detail herein. Defendants actions also constitute a conspiracy to interfere with and/or retaliate against a Federal Officer.

More specifically, upon learning of Plaintiffs prior engagement in protected activity, and/or based on a desire to make their hiring decision based on other discriminatory motives, the officials of the Defendant business entity, **M3**, retaliated through Defendants **WO** and **BO**, by making certain libelous, slanderous and defamatory statements, in violation of the Plaintiffs right to privacy, and took other unlawful actions to support the pretext of rescinding the verbal offer of employment

and/or otherwise failed to hire the Plaintiff based on one or more unlawful and discriminatory reasons.

Said unlawful reasons, were discriminatory, when the failure to hire the Plaintiff, was either based on his age, his race, his sex and/or as retaliation for his prior engagement in protected activity, when executed by multiple agents of **M3**, as a combination of any one or more, or all the discriminatory basis ascribed to herein. The proportional attribution to each discriminatory element may not be possible to determine, but in totality, led to the unlawful decisions of all participating agents of **M3**, and it's co-conspirators, in deliberately failing to hire the Plaintiff based on either a single, or an aggregate of discriminatory motives.

Pursuant to the Plaintiffs Federal and States rights pertinent to contractual interference as principally governed pursuant to <u>Restatement (Second) of Torts</u> §§ 766, 766A, 766B and 876(a) by which:

A)    Defendants actions detrimentally interfered with the employment contract established by Promissory Estoppel as "unlawful interference with one's own contract"; and

B)    Defendants actions detrimentally interfered with Plaintiffs obligations to mediate his employment disputes with the Equal Employment Commission (EEOC); and

C)    Defendants actions detrimentally interfered with Plaintiffs obligations to obtain employment while his employment dispute with the US Department of Defense (DOD), Department of the Air Force (USAF), was being mediated by the EEOC and/or in civil litigation; and

D)    Defendants actions detrimentally interfered with Plaintiffs obligations to obtain employment while his employment dispute with the US Department of the Interior, Bureau of Land Management (DOI-BLM), was also being mediated by the (EEOC); and

E)    Defendants actions interfered with Plaintiffs employment relationship as established with the Monterey County Water Resources Agency (MCWRA); and

F)    Defendants actions detrimentally interfered with Plaintiffs employment relationship as established with the Federal entity known as the International Boundary Waters Commission (IWBC); and

G)    Defendants actions detrimentally interfered with Plaintiffs employment relationship as established with the company known as ASRC Federal NETCENTRIC TECHNOLOGY, LLC (ASRC); and

H)    Defendants actions detrimentally interfered with Plaintiffs employment relationship as established with the mining company known as Freeport-McMoRan; and

I)    Defendants actions additionally have detrimentally interfered with any and all of Plaintiffs future employment contractual relationships; and

J)    Defendants actions unlawfully detrimentally interfered with Plaintiffs attempts to refinance his personal property.


The unlawful conduct ascribed to herein, has irreparably injured the reputation of the Plaintiff, has precluded him from receiving the employment related contractual entitlements and opportunities he deserves, including the recission and termination of established employment contracts, causing said Plaintiff significant emotional, financial, and physical distress, for which there is a remedy in the forms of the certain monetary and non-monetary relief as requested herein.


## II.    LEGAL BASIS FOR COMPLAINT AND COUNTS OF UNLAWFUL CONDUCT

**A) Agents or Proxies of Defendant M3:** As Defendant, **M3**, is comprised of multiple persons of sufficient ranking, or by implication of their title and authority, inclusive of Defendant **WO**, which

imputes and legally defines them as "agents' or "proxies" for **M3** and have been imputed with a sufficient level of authority pursuant to their title and/or job position. Said agents or proxies could not have acted alone, as said agents, either by agreement or through unlawful coercion, as defined pursuant to 25 CFR § 11.406, executed their unlawful acts, and/or entered into one or more conspiracies, pursuant to 18 U.S.C. 371, "conspiracy to commit any other federal crime" with another party; and/or 42 U.S. Code § 1985 (2) and (3), "conspiracy to interfere with Plaintiffs civil rights" and otherwise executed a civil conspiracy pursuant to Restatement (Second) of Torts § 876(a), to perpetuate a number of frauds, deceits and torts, upon and adverse to the Plaintiff.

"[A]n agent can be liable for conspiracy if the agent acts out of self-interest that goes beyond the agency relationship." *Morrow v. Bos. Mut. Life Ins. Co.*, 2007 WL 3287585, *9, 2007 U.S. Dist. LEXIS 82157, 23–26 (D. Ariz. Nov. 2, 2007).

Therefore, it is asserted herein, the Defendants agents committed such acts, not only acting under their actual or implied authority, as granted to them by **M3**, but also acted out of personal interest and/or animosity against the Plaintiff. Each individual conspirator had personal interests at stake, specifically inclusive of Defendant **WO**, indistinguishable from acting in their official capacities, when they "acted" and/or "purported to act" under the direction and/or in the interests of **M3**, as a business entity, and concurrently executed their unlawful acts in their own personal interests. Thus, liability was imputed not only upon **M3** by those agents actions, but also upon themselves in their individual and personal capacities, for which they are personally liable.

## B. Defendants Fraudulently Dishonored a Contract and Entered into an Unlawful Civil Conspiracy

## 1) Promissory Estoppel

In *Cohen v. Cowles Media Co.* 501 US 663 (1991), the Supreme Court recognized promissory estoppel as a "state law doctrine creating legal obligations never explicitly assumed by the parties that are enforceable." Promissory estoppel *"generally does not involve a misrepresentation but a promise by one party upon which another relies to his detriment and which the promisor should reasonably have foreseen would cause the promisee to so rely."* Promissory estoppel is the legal principle that a promise is enforceable by law, even if made without formal consideration when a promisor has made a promise to a promisee who then relies on that promise to his subsequent detriment.

In summary, promissory estoppel rests upon a promise to do something in the future." *Trollope v. Koerner*, 106 Ariz. 10, 18, 470 P.2d 91, 99 (1970); *see also Waugh v. Lennard*, 69 Ariz. 214, 224, 211 P.2d 806, 812 (1949). On the basis of the doctrine of "promissory estoppel", the Plaintiff, as the receiving party, to an verbal offer of employment agreement/contract, as extended by a senior agent with the actual or implied authority to extend such an offer, the Plaintiff is entitled to either a determination by Declaratory Judgment pursuant, to FRCP, Rule 57, or by a jury in a trial upon the merits, that such an offer was extended and accepted, and based on that offer, Plaintiff took actions to his detriment based on that offer of employment, and thus unlawful actions by agents of **M3** occurred, acting with two or more co-conspirators, and committed multiple frauds or deceits upon the Plaintiff, inclusive of civil rights violations, equal employment rights violations, interference with and retaliation of a federal officer and tortious interference, subsequently occurred.

The Plaintiff shall establish promissory estoppel occurred by demonstrating: (1) An agent of **M3** made a promise, namely an offer of employment; (2) Agents of **M3** should have reasonably

foreseen that Plaintiff would rely on that promise; and (3) Plaintiff relied to its detriment on the promise. *Higginbottom v. State*, 203 Ariz. 139, 144, ¶ 18, 51 P.3d 972, 977 (App. 2002).

**2) Fraud:** Pursuant to violating the Plaintiffs civil, equal employment and privacy rights, the Defendant has committed one or more frauds or deceits upon the Plaintiff. The nine elements of fraud are: "'(1) A representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) his intent that it should be acted upon by the person and in the manner reasonably contemplated; (6) the hearer's ignorance of its falsity; (7) his reliance on its truth; (8) his right to rely thereon; (9) his consequent and proximate injury.'" *Carrel v. Lux*, 101 Ariz. 430, 434, 420 P.2d 564, 568 (1966).

In this cause instant such fraud is actionable as "Promissory estoppel provides an equitable remedy that renders a promise enforceable . . . ." *Sholes v. Fernando*, 228 Ariz. 455, 460, ¶ 14, 268 P.3d 1112, 1117 (App. 2011). It shall be clearly demonstrated that, pursuant to an offer of employment, an equitable remedy existed and remains existent, inclusive of a calculation of pecuniary and non-pecuniary damages, based upon competitive salary calculations, entitlement to relocation expenses, entitlement to extension of health and retirement benefits and other tangible and intangible benefits, as extended to similarly situated employees of **M3**. Plaintiff is entitled to additional damages as applicable to the unlawful civil, employment, privacy and contractual interference with the Plaintiffs other employment related agreements and opportunities based on the unlawful actions of the Defendant.

**3) Counts of Contracts Established by Promissory Estopple and Fraudulently Rescinded**

    **a) Count FPE-1-WO and Count FPE-2-M3:** Pursuant to the doctrine of Promissory Estopple and/or Arizona State Law, Plaintiff asserts herein, on or

about February 27th, 2022, Defendant **WO**, without solicitation from the Plaintiff, contacted Plaintiff, after making multiple similar offers previously, again extended to him a verbal offer of employment at **M3**, as a project manager, with former associates Mr. Donald Earnest and Mr. John Barber, acting as independent business partners with **M3,** but not directly employed by **M3**. Pursuant to that verbal offer, Plaintiff verbally accepted, establishing a contract pursuant to the doctrine of Promissory Estoppel. Pursuant to that offer of employment, Plaintiff additionally formally submitted a resume to the firm **M3,** to an active ad for employment, on **M3's** career website for a project manager, which had been active since January 2022. Plaintiffs application was submitted on or about May 18th, 2022. Defendants **M3** and **WO**, failed to honor that contract, executed as a *"material breach"* pursuant to Arizona law and/or executed an unlawful *"Retaliatory Discharge"* pursuant to A.R.S.§ 23-1501. Defendants motives were based in part on for which there is remedy, as Defendants conduct was unlawful per A.R.S.§ 23-1501; (b)(i); (v) and (c)(i); as Plaintiff engaged in protected activity pursuant to the Arizona Civil Rights Act as prescribed in Title 41, Chapter 9 and as a public employee, disclosed certain information harmful to **M3**, Defendants **WO** and **BO**, and one or more of **M3's** existing or potential clients. Plaintiff is on record as demonstrating and explicitly refusing to commit certain acts or omissions which would violate the Constitution of the State of Arizona or any of its statutes. For one or more unlawful reasons, ascribed to above, the Defendants thereby executing one or more frauds or deceits upon the Plaintiff, for which no lawful reason was ever extended, for the Plaintiff to know and/or to not believe said offer was not a valid offer of employment, and thereby Plaintiff, detrimentally relied on the

contractual promise and suffered adverse consequences when it was not honored for one or more unlawful reasons. Pursuant to Count FPE-1-WO, Defendant at William Oppenheimer imputed liability upon himself in his personal and individual capacity for his actions and the actions of his co-conspirators, ascribed to above and imputed liability upon the business entity known as Defendant M3, along with the co-conspirators employed by M3 pursuant to Count FPE-2-M3:

**4) Count FPE-3-WO and Count FPE-4-M3**:

    **b) Count FPE-3-WO and Count FPE-4-M3**: Pursuant the doctrine of Promissory Estopple and/or federal law applicable to "*material breach of contracts*" as ascribed to above and to 18 U.S. Code § 1341 - Frauds and swindles, Plaintiff asserts herein, on or about February 27th, 2022, Defendant **WO**, and Agent of **M3**, without solicitation from the Plaintiff, contacted Plaintiff, after making similar offers previously, again extended to him a verbal offer of employment at **M3**, as a project manager, with former associates Mr. Donald Earnest and Mr. John Barber, acting as independent business partners with **M3**, but not directly employed by **M3**. Pursuant to that verbal offer, Plaintiff verbally accepted, establishing a contract pursuant to the doctrine of Promissory Estoppel. Pursuant to that offer of employment, Plaintiff formally submitted as resume to the firm **M3**, to an active ad for employment, on **M3's** career website for a project manager, which had been active since January 2022. Plaintiffs application was submitted on or about May 18th, 2022. Defendants **M3** and **WO**, failed to honor that contract for one or more unlawful reasons thereby executing one or more frauds or deceits upon the Plaintiff, for which he no reason to not believe said offer was not a valid offer of employment,

and thereby detrimentally relied on the contractual promise and suffered adverse consequences when it was not honored. Pursuant to Count FPE-3-WO, Defendant at William Oppenheimer imputed liability upon himself in his personal and individual capacity for his actions and the actions of his co-conspirators, ascribed to above and imputed liability upon the business entity known as Defendant M3, along with the co-conspirators employed by M3 pursuant to Count FPE-4-M3:

## C) Defendants Entered into a "Civil Conspiracy"

Under section 876(a) of the Restatement, a person is liable for the injuries of a third person from the tortious conduct of another when the person acted "in concert" or "pursuant to a common design" with the person who acted tortiously-that is, the parties acted together to commit the tortious conduct.

In Arizona, a civil conspiracy occurs when "two or more people agree to accomplish an unlawful purpose, or to accomplish a lawful object by unlawful means, causing damages." *Wells Fargo Bank v. Ariz. Laborers, Teamsters & Cement Masons Local No. 395 Pension Trust Fund*, 201 Ariz. 474, 498, 38 P.3d 12, 36 (2002) (en banc) (quoting *Baker v. Stewart Title & Trust of Phx.*, 197 Ariz. 535, 542, 5 P.3d 249, 256 (Ct. App. 2000)).

Thus, this complaint is in part an "action [] for damages arising out of acts committed pursuant to the conspiracy, and damage for which recovery may be had in such civil action is not the conspiracy itself but the injury to plaintiff produced by specific overt acts." *Perry v. Apache Junction Elementary Sch. Dist. No. 43 Bd. of Trs.*, 20 Ariz. App. 561, 564, 514 P.2d 514, 517 (Ct. App. 1973) (citing *Tovrea Land & Cattle Co. v. Linsenmeyer*, 100 Ariz. 107, 412 P.2d 47 (1966)); see, e.g., *Baker*, 197 Ariz. at 542, 5 P.3d at 256 ("A mere agreement to do a wrong imposes no

liability; an agreement plus a wrongful act may result in liability." (quotations omitted));
Restatement (Second) of Torts § 876(a) (1979) ("For harm resulting to a third person from the
tortious conduct of another, one is subject to liability if he . . . does a tortious act in concert with
the other or pursuant to a common design with him[.]"); _Compton v. Ide_, 732 F.2d 1429, 1433 (9th
Cir. 1984) ("It is the wrongful act, not the conspiracy, which is actionable in a civil case.").

Concisely, "liability for civil conspiracy requires that two or more individuals agree and thereupon
accomplish 'an underlying tort which the alleged conspirators agreed to commit.'" _Wells Fargo_,
201 Ariz. at 498, 38 P.3d at 36 (quoting _Baker_, 197 Ariz. at 545, 5 P.3d at 259). In other words,
"[t]o establish liability on the basis of conspiracy, a plaintiff must show by clear and convincing
evidence that the Defendant(s) and at least one other person agreed to accomplish an unlawful
purpose or a lawful purpose by unlawful means, and accomplish[ed] the underlying tort, which in
turn caused damages." _Dawson v. Withycombe_, 216 Ariz. 84, 103, 163 P.3d 1034, 1053 (Ct. App.
2007).

**C-1) Undisputed and/or Indisputable Conspiratorial Facts and Liability for Said Acts**

It is known that the principal agent of **M3,** namely Defendant **WO,** who executed perjurious,
slanderous, defamatory and libelous statements to at least two persons not directly employed by
**M3,** 1) a spouse who had personal animosity interests in the outcome as well as a financial one,
and 2) an independent business partner who had multiple shared business interests between
themselves and **M3.** Therefore, that specific agent is liable for the entire conspiracy effected within
and external to **M3** along with imputing liability upon the business **M3** itself and the other agents
employed by **M3** ensuring the conspiracy was fully executed.

As to extent of imputed liability, "a conspirator is liable for any tortious act, even unknown,

committed in furtherance of the conspiracy, including acts not personally committed." *Baker*, 197

Ariz. at 542, 5 P.3d at 256 (citations omitted).

Moreover, Arizona law makes it unnecessary for all members in a conspiracy to be joined as

Defendant(s) in order for one member to be found liable. *Rowland v. Union Hills Country Club*,

157 Ariz. 301, 306, 757 P.2d 105, 110 (Ct. App. 1988). Thus, not only is their more than one

specific **M3** agent personally liable, inclusive of Defendant **WO**, but for his own and other agents

of **M3's** actions in the commission of the conspiracy, but he and **M3**, as a business entity, must

also be held accountable for the co-conspirators' conduct, inclusive of Defendant **BO**, even if those

other agents of **M3**, not yet identified and/or not personally joined in the lawsuit and/or not in the

employ of **M3**.

Notably, as civil conspiracy is a "derivative tort [] for which a plaintiff may recover only if it has

adequately pled an independent primary tort." *AGA S'holders, LLC v. CSK Auto, Inc.*, 589 F. Supp.

2d 1175, 1192 (D. Ariz. 2008) (citing *Rowland*, 157 Ariz. at 306, 757 P.2d at 110); see also *Baker*,

5 P.3d at 259. As a result, a plaintiff in a civil conspiracy lawsuit must allege the conspirators

agreed to commit a tort, not simply a crime. See, e.g., *R. Prasad Indus. v. Flat Irons Envtl.

Solutions Corp.*, 2013 WL 2217831, *14 (D. Ariz. May 20, 2013) (holding that plaintiff

successfully alleged a claim for civil conspiracy based on the underlying torts of fraud, conversion,

and tortious interference with contractual relations); *Estate of Hernandez v. Flavio*, 187 Ariz. 506,

511, 930 P.2d 1309, 1314 (1997).

This Complaint instant clearly has met the burden requirements of establishing its legal grounds

for its presentment before this bar as one or more independent torts, or frauds and deceits were

deliberately executed as wrongs against the Plaintiff, inclusive of multiple elements of invidious

discrimination, unlawful interference with a federal officer as well as, slander, libel and defamation, have been established in addition to the claims of a civil conspiracy as established herein.

Finally, as a matter of proof, "a claim for civil conspiracy must include an actual agreement, proven by clear and convincing evidence." *Wells Fargo*, 201 Ariz.at 499, 38 P.3d at 37. To that end, "[t]he existence of a conspiracy may be inferred from the nature of the acts, the relationship of the parties, the interests of the conspirators, or other circumstances, and express agreement or tacit concert will, if proven, suffice to create liability." *Vasquez v. City of Phx.*, 2006 WL 1147716, *4 (D. Ariz. May 1, 2006) (quoting *Mohave Elec. Coop., Inc. v. Byers*, 189 Ariz. 292, 306, 942 P.2d 451, 465 (Ct. App. 1997)); see, e.g., *Dawson*, 216 Ariz. at 103, 163 P.3d at 1053 ("The conspiratorial agreement need not be express; it may be implied by the tortious conduct itself." (citing Restatement (Second) of Torts § 876, cmt. a (1979))); *S. Union Co. v. Sw. Gas Corp.*, 165 F. Supp. 2d 1010, 1021 (D. Ariz. 2001) ("Although an express agreement need not be shown for a plaintiff to prevail on a civil conspiracy claim, there must be at least a tacit understanding. The existence of a conspiracy may sometimes be inferred from the nature of the acts done, the relations of the parties, the interests of the alleged conspirators, and other circumstances. However, a plaintiff must allege specific facts which support the inference of an agreement." (quotations omitted)).

This Complaint instant establishes the requisite specific factual requirements as more than one agreement was implicitly agreed to, 1) The relationship of the parties, namely the Plaintiff and Defendant **William Oppenheimer**, extending nearly thirty years, commencing in approximately 1990. Based on that long-standing friendship there was no reason for the Plaintiff not to believe the offer of employment was not a valid one. 2) Said reasoning is additionally founded on the fact that the offer was unsolicited, in that Defendant **WO** affirmatively sought contact with the

Plaintiff. Though Plaintiff was indeed in need of employment, Plaintiff never solicited Defendant **WO** for employment, or any other purpose for that matter. 3) Said reasoning is additionally supported by Defendant **WO** repeated statements of his intention to retire and his position would need to be backfilled and that of another **M3** agent planning on retiring soon.

4) Clear and convincing evidence is also established by the fact that Defendant **M3**, had a public listing on its career website, active since at least January 2022, and said job posting was for a project manager and identified required skill sets for which the Plaintiff clearly possessed. Said posting was listed on the **M3** website as: PROJECT MANAGER, BY TRISH MALLON / FRIDAY, 07 JANUARY 2022 / PUBLISHED IN, Full Time Tucson, Posted on January 7, 2022

5) It is an additional fact that Defendant **M3** owed the Plaintiff the implicit duty by contract of law, of a non-discriminatory, fair and open consideration of his candidacy for the posted position, therefore establishing at least two (2) contractual agreements unlawfully violated.

Therefore, the two (2) contracts established are inclusive of A) By promissory Estopple Defendant **WO**, of sufficient ranking and authority within **M3**, to be considered by any reasonable person in the Plaintiffs position to assume **WO** had the authority delegated to him to extend such an offer, for a position currently open and apparently M3 had not been able to fill by the time Defendant WO contacted the Plaintiff. B) By law, an express duty was owed to the Plaintiff by **M3**, to not unlawfully discriminate against him during the selection process pursuant to his formal application and the tri-partite agreement between the Plaintiff as an applicant, The Defendant **M3** and the sovereignties known as, the United States and the State of Arizona, as established in the equal employment laws of those sovereignties.

Additional facts supporting unlawful conspiracy inclusive of 6) Immediately after Plaintiffs encounters with Defendants **WO** and **BO**, during which Plaintiff learned the contract offer of employment was either rescinded, materially breached or he was discharged prior to commencing employment, Defendant **M3** withdrew the project manager posting and substituted another, with wording targeting a younger demographic supporting Plaintiffs claims of age discrimination.

6) **M3** motives are easily exposed, as **M3's** principal client base is mining companies who operate within the US primarily upon Federal lands administered by Plaintiff prior employer, the US Department of the Interior, Bureau of Land Management (DOI-BLM) and or requires approvals from and is regulated by similar federal entities such as US Forest Service and/or MSHA. Thus **M3**, in addition to currying favor with its mining clients, also needs Federal approval for projects it designs or administers, to move forward. **M3's** clients have a vested interest in keeping federal oversight, regulation and royalty payments to a minimum. Therefore, a candidate with a proven record of whistleblowing and filing employment discrimination complaints, is in theory, not good for business, and especially for the business **M3** conducts.

7) In conclusion and additionally, there is not a clear, non-discriminatory reason for not offering the Plaintiff employment based on his unique skill set which is nearly impossible to replicate, after it sought his services unsolicited. That is being a degreed geologist, Bachelor of Science, with over ten years of experience in multiple mining operations, mining various commodities and differing sizes of operations. The Plaintiff was also a mining engineer with an advanced Master of Science degree from the University of Arizona. Plaintiff has over five years advanced experience in oversight and regulation of mining companies operating on Federal lands, for which Plaintiff asserts is greater than any current or former **M3**, employee. The Plaintiff possess international experience working in Costa Rica and Argentina and thus possessed some Spanish language

capability. Plaintiffs environmental experience was unparalleled as well as his project management experience, enhanced by multiple degrees and/or certificates in Project Management, the Plaintiff asserts here, such project management experience is also greater than any current or former **M3** employee.

Thus, the question **M3** must answer before a jury, if the conduct of **M3** was not unlawful, why would it not accept the multi-faceted skill sets, which is uniquely possessed by the Plaintiff, and not replicable in any other candidate, it was seeking and still seeks to this day, based on multiple postings on its career website.

**C-2) Individual and Personal Liability**

Therefore, pursuant to Defendants William and Barbara Oppenheimer, as well certain **John or Jane Does**, said Defendants are held liable in their individual and personal capacities as: "an agent can be liable for conspiracy if the agent acts out of self-interest that goes beyond the agency relationship." *Morrow v. Bos. Mut. Life Ins. Co.*, 2007 WL 3287585, *9, 2007 U.S. Dist. LEXIS 82157, 23–26 (D. Ariz. Nov. 2, 2007) (citing *James L. Buchwalter & Lonnie E. Griffith, Jr.*, 15A C.J.S. Conspiracy § 19). In other words, "[w]hen officers of a corporation act for their own personal purposes, they become independent actors, who can conspire with the corporation." *Rowland*, 157 Ariz. at 306, 757 P.2d at 110 (quoting *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 595, 603 (5th Cir. 1981)). Thus, as **M3's** corporate officers agents and business partners, as all personally gain financially with the performance of the business entity, their actions and interests cannot be severed for the purposes of barring liability among any single party.

In conclusion, as Plaintiff had challenged the unlawful conduct of a number of mining companies and certain Federal Agencies which for which the Defendant has business interests and

relationships with and for business entities it desires to develop the same pursuant to the counts identified below, one or more motives for Defendants unlawful actions was established.

The Defendants as agents and/or personally individually, as a group of two or more, acting in concert with each other, therefore with one or more other parties coordinating their conspiracy, violated the Plaintiff's rights for the purposes of libel, slander and defamation, in support of establishing pretext to execute invidious discrimination, also executed interference with a federal officer and contractual interference with Plaintiffs employment related contracts, as defined in the counts identified herein below:

### C-3. Counts of Unlawful Civil Conspiracy

#### CONSPIRACY TO DEPRIVE

I.  Each paragraph of this Complaint is incorporated as if restated fully herein; and

II.  Herein Plaintiff alleges pursuant to, _R. Prasad Indus. v. Flat Irons Envtl. Solutions Corp._, 2013 WL 2217831, *14 (D. Ariz. May 20, 2013), the conspirators agreed to commit multiple torts, frauds and deceits, not simply the crime(s) asserted here. Said crime(s) identify and define the manner and means of the Defendants unlawful conduct, by which they are liable for the damages and sufferings upon which the Defendants inflicted upon the Plaintiff; and

III.  Defendants acting in concert with each other and other Co-Conspirators—including the Agents of **M3** as identified herein—reached an agreement among themselves to deprive Plaintiff of his A) Constitutional 1st Amendment rights; B) To commit another federal crime: C) Interfere and/or retaliate against a Federal Officer; and D) Tortiously Interfere with one or more employment related contracts of the Plaintiff, all as described in the various paragraphs of this Complaint; and

IV.    In so doing, these Defendants and Co-Conspirators conspired to accomplish an unlawful purpose by an unlawful means. In addition, these parties agreed among themselves to protect one another from liability for depriving Plaintiff of his rights; and

V.    In furtherance of the conspiracy, each of the Defendants and Co-Conspirators committed overt acts and was an otherwise willful participant in joint activity; and

VI.    The misconduct described in this Count was objectively unreasonable and was undertaken intentionally, with malice, willfulness, and reckless indifference to the rights of the Plaintiff and was also purposed for the "chilling effect" it would impose upon others similarly situated; and

VII.    As a direct and proximate result of the illicit prior agreement referenced above, Plaintiffs rights were violated and he suffered injuries, including emotional and physical distress as well as financial harm; and

VIII.    Plaintiff's' sufferings and financial harms were caused by the actions and decisions of Defendants **WO**, **BO** and **M3** and its agents and proxies, acting both in their individual and/or official, authorized capacities; and

IX.    The misconduct described in this Count was undertaken pursuant to the policies and practices of **M3**, in a manner inconsistent with the laws of the State of Arizona and the United States more fully described herein and/or its negligence insuring lawful polices, practices and procedures were emplaced, communicated and employees were properly trained in executing said policies and procedures:

X.    **Count CON-1** The Plaintiff asserts, the Defendant identified herein, as **M3**, entered into a conspiracy pursuant to 42 U.S. Code § 1985 (2) and (3) "conspiracy to interfere with Plaintiffs civil rights". Defendant is civilly liable for its actions regardless of pursuit of any criminal prosecution; and

XI.     **Count CON-2** The Plaintiff asserts, the Defendant identified herein, as **M3**, entered one or more conspiracies, pursuant to 18 U.S.C. 371, "conspiracy to commit any other federal crime" with another party. Defendant is civilly liable for its actions regardless of pursuit of any criminal prosecution; and

XII.    **Count CON-4** The Plaintiff asserts, the Defendant identified herein as **M3**, entered a conspiracy pursuant to Restatement (Second) of Torts § 876, cmt. a (1979)) Defendant is civilly liable for its actions; and

XIII.   **Count CON-5** The Plaintiff asserts, the Defendant identified herein, as **William Oppenheimer**, entered into a conspiracy, with either **M3**, his spouse and a recurring business partner frequently contracted by **M3**, pursuant to 42 U.S. Code § 1985 (2) and (3), "conspiracy to interfere with Plaintiffs civil rights". Defendant is civilly liable for its actions regardless of pursuit of any criminal prosecution; and

XIV.    **Count CON-6** The Plaintiff asserts, the Defendant identified herein, as **William Oppenheimer**, entered into a conspiracy, with either **M3**, his spouse and a recurring business partner frequently contracted by **M3**, pursuant to 18 U.S.C. 371, "conspiracy to commit any other federal crime" with another party. Defendant is civilly liable for its actions regardless of pursuit of any criminal prosecution; and

XV.     **Count CON-7** The Plaintiff asserts, the Defendant identified herein as **William Oppenheimer**, entered a conspiracy with one or more parties pursuant to Restatement (Second) of Torts § 876, cmt. a (1979))); with either **M3**, his spouse and a recurring business partner frequently contracted by **M3**.

XVI.    **Count CON-8** The Plaintiff asserts, the Defendant identified herein, as **Barbara Oppenheimer**, entered into a conspiracy, with either **M3**, her spouse and a recurring business partner frequently contracted by **M3**, pursuant to 42 U.S. Code § 1985 (2) and

(3), "conspiracy to interfere with Plaintiffs civil rights". Defendant is civilly liable for its actions regardless of pursuit of any criminal prosecution; and

XVII.    **Count CON-9** The Plaintiff asserts, the Defendant identified herein, as **Barbara Oppenheimer**, entered into a conspiracy, with either **M3**, her spouse and a recurring business partner frequently contracted by **M3**, pursuant to 18 U.S.C. 371, "conspiracy to commit any other federal crime" with another party. Defendant is civilly liable for its actions regardless of pursuit of any criminal prosecution; and

XVIII.    **Count CON-10** The Plaintiff asserts, the Defendant identified herein as **Barbara Oppenheimer**, entered a conspiracy pursuant to Restatement (Second) of Torts § 876, cmt. a (1979))); with either **M3**, or any other agent of **M3**, including her spouse, acting in their personal interests, and/or with a recurring business partner frequently contracted by **M3**; and

XIX.    **Count CON-11** The Plaintiff asserts, the Defendant identified herein as **John or Jane Doe**, entered a conspiracy pursuant to Restatement (Second) of Torts § 876, cmt. a (1979))); with either **M3**, or any other agent of **M3**, acting in their personal interests, and/or with a recurring business partner frequently contracted by **M3**; and

XX.    **Count CON-12** The Plaintiff asserts, the Defendant identified herein, as **John or Jane Doe**, entered into a conspiracy, with either **M3**, or any other agent of **M3**, acting in their personal interests, and/or with a recurring business partner frequently contracted by **M3**, pursuant to 42 U.S. Code § 1985 (2) and (3), "conspiracy to interfere with Plaintiffs civil rights" Defendants are civilly liable for its actions regardless of pursuit of any criminal prosecution; and

XXI.    **Count CON-13** The Plaintiff asserts, the Defendant identified herein, as **John or Jane Doe**, entered into a conspiracy, with either **M3**, or any other agent of **M3**, acting in their personal interests, and/or with a recurring business partner frequently contracted by **M3**,

pursuant to 18 U.S.C. 371, "conspiracy to commit any other federal crime" with another party. Defendants are civilly liable for its actions regardless of pursuit of any criminal prosecution

**D) Defendants Violation of Plaintiffs Civil Rights:** This is an civil action brought forth, in part, under the United States Constitution and Arizona State Constitution, pursuant to Plaintiffs Federal civil rights pursuant to his First Amendment Rights to Free Speech and to Petition his Government, and/or The Privacy Act of 1974, as amended, 5 U.S.C. § 552a; as violated by the collective agents of the Defendants, **M3, WO** and **BO**. Whom executed their frauds and deceits in part, as Libelous, Slanderous and Defamatory Statements, and utilized said statements as pretext for employment discrimination and tortious interference, pursuant to the Plaintiffs Federal and States rights pertinent to contractual interference, as principally governed pursuant to Restatement (Second) of Torts §§ 652B, 766, 766A, 766B and 876(A)(B) and (C).

The form of invasion of privacy covered by Restatement of the Law, Second, Torts, § 652(B) as, *"Intrusion Upon Seclusion"* does not depend upon any publicity given to the person whose interest is invaded or to his affairs.

Arizona recognizes the tort of intrusion upon seclusion as one of four invasion of privacy torts. *Valencia v. Duval Corp.,* 132 Ariz. 348, 350 (1982), overruled on other grounds in *Godbehere v. Phoenix Newspapers,* Inc., 162 Ariz. 335 (1989). Arizona generally follows the Restatement (Second) of Torts for invasion of privacy torts, see *Godbehere,* 162 Ariz. at 342. The Court of Appeals of Arizona has relied upon the Restatement (Second) of Torts' formulation of intrusion upon seclusion, *Hart v. Seven Resorts,* 190 Ariz. 272, 279 (1997), as has the 9th Circuit Court of

Appeals when interpreting Arizona law, *Medical Laboratory Management Consultants v. American Broadcasting Companies, Inc.*, 306 F.3d 806, 812 (9th Cir. 2002).

It consists solely of an intentional interference with his interest in solitude or seclusion, either as to his person or as to his private affairs or concerns, of a kind that would be highly offensive to a reasonable man. The invasion may be by physical intrusion into a place in which the plaintiff has secluded himself, as when the defendant forces his way into the plaintiff's room in a hotel or insists over the plaintiff's objection in entering his home. It may also be by the use of the defendant's senses, with or without mechanical aids, to oversee or overhear the plaintiff's private affairs, as by looking into his upstairs windows with binoculars or tapping his telephone wires. It may be by some other form of investigation or examination into his private concerns, as by opening his private and personal mail, searching his safe or his wallet, examining his private bank account, or compelling him by a forged court order to permit an inspection of his personal documents. The intrusion itself makes the defendant subject to liability, even though there is no publication or other use of any kind of photograph or information outlined.

It will be demonstrated in a trial upon the merits, that the Defendant, without authorization, must have intentionally invaded the private affairs of the plaintiff; The matters that the Defendants intruded upon involved private matters; That invasion would be considered offensive to a reasonable person; and the intrusion caused mental anguish or suffering to the plaintiff.

These violations of his Federal rights under the United States Constitution was inclusive of his to rights "equal protection" under the laws of the United States, inclusive of his rights to free speech and petition his government, federal civil equal employment and privacy laws. Pursuant to certain Federal civil rights laws ascribed to below, the Defendants conduct was unlawful violations of

Plaintiffs rights granted by the First and Fourteenth Amendments.

Said reporting was inclusive of multiple incidents of unlawful employment activity pursuant to the equal employment laws of the United States and Arizona as found in Pub. L. 88-352, 42 U.S.C. §§ 2000e to e-17 (2019) (as amended), as commonly referred to as Title VII of the Civil Rights Act of 1964 (Title VII), and/or the Age Discrimination in Employment Act of 1967 (ADEA), was also concurrently protected for reporting fraud, waste and abuse, and therefore also protected activity under the Whistleblower Protection Act of 1989, 5 U.S.C. 2302(b)(8)-(9), Pub.L. 101-12 as amended.

Thus, said speech and conduct was both "privileged", by contractual obligation and "protected" employment activity, pursuant to certain laws of the United States, and Plaintiffs rights to freedom of speech as granted under the First Amendment of the US Constitution, which allows any citizen to peacefully question the actions of his government, excepting certain instances of national security which are not applicable to this instant cause, and his right to petition his government to correct its own unlawful activity.

The Defendants motives were retaliatory and discriminatory, as Plaintiff challenged the unlawful conduct of a number of mining companies, and the Federal Agency which regulates them, and which the Defendant currently has established business interests and relationships with, and for other business entities, it desires to develop the same. Additional motives are also existent for personal financial gain and due to personal animus.

The Defendant **M3** its agents and proxies, as well as Defendants **WO** and **BO**, acting in concert with each other, therefore each acted with another party pursuant to 42 U.S. Code § 1985 (2) and

(3), violated the Plaintiff's rights for the purposes of invidious discrimination, interference with a federal officer, defamation and contractual interference pursuant to the counts identified below:

## D-1) Counts of Defendants Unlawful Civil Rights Violations

### FIRST AND FOURTEENTH AMENDMENT RETALIATION

I.     Each paragraph of this Complaint is incorporated as if restated fully herein; and

II.    Herein Plaintiff alleges pursuant to, _R. Prasad Indus. v. Flat Irons Envtl. Solutions Corp._, _2013 WL 2217831, *14 (D. Ariz. May 20, 2013),_ the conspirators agreed to commit multiple torts, frauds and deceits, not simply the crime(s) asserted here. Said crime(s) identify and define the manner and means of the Defendants unlawful conduct, by which they are liable for the damages and sufferings upon which the Defendants inflicted upon the Plaintiff; and

III.   In the manner described in this Complaint, Defendants subjected Plaintiff to discriminatory and retaliatory treatment based on their opinions of the Plaintiffs right to object to unlawful activity by certain agents of his government, in regulating certain clients of **M3**, or those it desired to enter into business relationships, inclusive of the Bureau of Land Management, in violation not only of his obligation as a Federal employee, but also of the First Amendment of the United States Constitution, as any person is free to openly question the conduct of his government absent a national security issue; and

IV.    Therefore, such conduct of the Plaintiff as identified above, is protected by the First Amendment of the United States Constitution, and/or the lawful instructions, requests and/or orders made by a Federal Employee acting within his lawful authority; and

V.     The protected speech of Plaintiff, and the viewpoint critical of official misconduct, exposed in his speech, when properly reported, was a motivating factor in Defendants'

and their Co-Conspirators disparate, discriminatory and retaliatory treatment of the Plaintiff; and

VI.    The Defendants' retaliatory actions in response to Plaintiffs actions, was unlawful pursuant to the 14th Amendment, and was in part for the purposes, others similarly situated, to have had a chilling effect that acts as a deterrent to free speech and reporting official misconduct and in the manner described in This Complaint, Defendants denied Plaintiff equal protection of the law in violation of the Fourteenth Amendment of the United States Constitution; and

VII.   The Plaintiff was entitled to certain legal rights to Privacy in his employment related disputes, and the Defendants unlawfully obtained such information and used it for unlawful purposes; and

VIII.  The misconduct described in these Counts was objectively unreasonable and was undertaken intentionally, with malice, willfulness, and reckless indifference to the rights of the Plaintiff and was "chilling effect" to others similarly situated; and

IX.    As a direct and proximate result of the illicit prior agreement referenced above, Plaintiffs rights were violated and he suffered injuries, including emotional distress and financial harm; and

X.     Plaintiff's' sufferings and financial harms were caused by the actions and decisions of Defendants **WO**, **BO**, **M3** and its agents or proxies, acting both in their individual and/or official, authorized capacities; and

XI.    The misconduct described in this Count was undertaken pursuant to the policies and practices of **M3**, in a manner inconsistent with the laws of the State of Arizona and the United States more fully described herein and/or its negligence insuring lawful polices, practices and procedures were emplaced, communicated and employees were properly trained in executing said policies and procedures:

XII.   **Count CR-1** The Plaintiff asserts, one or more of the Defendants identified herein, in executing certain acts, perpetuated by one or more of its agents or proxies, or co-conspirators, violated the Plaintiffs' constitutional rights pursuant to his entitlement to exercise "*freedom of speech and expression*" and "*right to petition in the United States*", pursuant to his First Amendment rights; and

XIII.  **Count CR-2** pursuant to Plaintiffs Fourteenth Amendment rights under the Equal Protection Clause, namely one or more of the Defendants identified herein, violated Plaintiffs right to be free from harassment, discrimination and retaliation, perpetuated by one or more of its agents or proxies, or co-conspirators; and

XIV.   **Count CR-3** pursuant to The Privacy Act of 1974, as amended, 5 U.S.C. § 552a, one or more of the Defendants identified herein, unlawfully obtained private and privileged information, pursuant to his Federal employment contracts, and/or his EEO and/or his Whistleblowing charges and/or case files and exchanged that information, with one or more of its agents or proxies, or co-conspirators, as other unauthorized persons and used that information for the unlawful purposes ascribed to herein.


**E. Defendants Invidious Discrimination**

Defendants actions constituted unlawful engagement in multiple acts of employment harassment, discrimination, and retaliation, averse to the Plaintiff, based on either his race, color, national origin, sex, age, and/or reprisal for engaging in certain protected employment activity in violation of Pub. L. 88-352,  42 U.S.C. §§ 2000e to e-17 (2019) (as amended), as commonly referred to as Title VII of the Civil Rights Act of 1964 (Title VII), and/or the Age Discrimination in Employment Act of 1967 (ADEA), and/or the Lilly Ledbetter Fair Pay Act of 2009 (Pub. L. 111-2). Said unlawful conduct is equally applicable the Whistleblower Protection Act of 1989, 5 U.S.C. 2302(b)(8)-(9), Pub.L. 101-12 as amended.

Pursuant to the applicable civil and equal employment laws of the State of Arizona as found in the states <u>Constitution</u>, the <u>Arizona Revised Statutes</u> (ARS) inclusive of the Arizona Civil Rights Act (<u>ARS 41-1463</u>), the Defendants conduct was additionally unlawful as it is unlawful to violate a person's state civil or employment rights on the basis of race, color, sex, age or retaliation.

The Defendants violated the Plaintiff's rights for the purposes of invidious discrimination, interference with a federal officer and contractual interference, as Plaintiff is a White/Caucasian Male; Over the age of 40 with a documented history of engagement in protected activity and extremely well qualified for the job responsibilities offered to him and applied for formally.

Defendants actions were in part for the purposes of invidious discrimination, in order to retaliate for Plaintiffs engagement in protected activity and/or to obtain Younger, Female and/or non-White/Caucasian ethnic employees for indoctrination into **M3's** culture of obfuscating unlawful activity.

The Defendant **M3** agents, Defendants **WO** and **BO**, acting in concert with each other, therefore another party pursuant to <u>42 U.S. Code § 1985 (2) and (3)</u>, violated the Plaintiff's rights for the purposes of invidious discrimination, interference with a federal officer and contractual interference, as Plaintiff challenged the unlawful conduct of a number of mining companies which for which the Defendants have business interests and relationships as well as personal interests quantifiable financially and non-financially, with and for certain business entities, within the small mineral developing, mining and processing communities, they desires to maintain and/or develop the pursuant to the counts identified below.

## CONSPIRACY TO DENY EMPLOYMENT BASED
## ON INVIDIOUS DISCRIMINATION

I.    Each paragraph of this Complaint is incorporated as if restated fully herein; and

II.   Herein Plaintiff alleges pursuant to, *R. Prasad Indus. v. Flat Irons Envtl. Solutions Corp.,* *2013 WL 2217831, \*14 (D. Ariz. May 20, 2013),* the conspirators agreed to commit multiple torts, frauds and deceits, not simply the crime(s) asserted here. Said crime(s) identify and define the manner and means of the Defendants unlawful conduct, by which they are liable for the damages and sufferings upon which the Defendants inflicted upon the Plaintiff; and

III.  Defendants, acting in concert with each other and other Co-Conspirators— as Agents of **M3** identified herein—reached an agreement among themselves to deprive Plaintiff of his constitutional rights and equal protection of the laws, all as described in the various paragraphs of this Complaint; and

IV.   In so doing, these Defendants and Co-Conspirators conspired to accomplish an unlawful purpose by an unlawful means. In addition, these co-conspirators agreed among themselves to protect one another from liability for depriving Plaintiff of these rights; and

V.    In furtherance of the conspiracy, each of the Defendants and Co-Conspirators committed overt acts and was an otherwise willful participant in joint activity; and

VI.   The conspiracy between Defendants and the other Co-Conspirators set forth above, and the actions taken in furtherance thereof, were motivated by animus on the basis of race, sex, age and for engagement in prior protected activity; and

VII.  Specifically, working in concert with these others, Defendants and Co-Conspirators targeted the Plaintiff as an individual, and belonging to his protected class as white, sex as male and his age, as over 40, and as a person having engaged in prior protected activity, due to their personal and collective animus, against persons of that racial, gender and age

profile, and their perception of that profile group, that, being such persons, are not entitled to be free from discrimination, for prior wrongs inflicted, upon more traditional groups on the basis of their skin color, and/or their gender, and/or age, by others in the Plaintiffs profile group. Thus, by executing retaliation against the Plaintiff, they sought "social justice" for the misconduct of others, not based on any actions of the Plaintiff, but rather based on the tidal wave of current events, particularly related to accusations of sexual misconduct; and

VIII.   Specifically, working in concert with these others, Defendants and Co-Conspirators targeted the Plaintiff as an individual, for his participation in prior protected activity, that is namely, reporting official misconduct, inclusive of discriminatory misconduct, on the basis of race and national origin; and

IX.   The misconduct described in this Count was objectively unreasonable and was undertaken intentionally, with malice, willfulness, and reckless indifference to the rights of the Plaintiff and was "chilling effect" to others similarly situated; and

X.   As a direct and proximate result of the illicit prior agreement referenced above, Plaintiffs rights were violated and he suffered injuries, including emotional distress and financial harm; and

XI.   Plaintiff's' sufferings and financial harms were caused by the actions and decisions of Defendants **WO**, **BO**, **M3** and its agents or proxies, acting both in their individual and/or official, authorized capacities; and

XII.   The misconduct described in this Count was undertaken pursuant to the policies and practices of **M3**, in a manner inconsistent with the laws of the State of Arizona and the United States more fully described herein and/or its negligence insuring lawful polices, practices and procedures were emplaced, communicated and employees were properly trained in executing said policies and procedures:

XIII.    The misconduct described in this Count was undertaken pursuant to the policies and practices of **M3**, in a manner inconsistent with the laws of the State of Arizona and the United States more fully described herein and/or its negligence insuring lawful polices, practices and procedures were emplaced, communicated and employees were properly trained in executing said policies and procedures:

**E-1) Counts of Unlawful Employment Discrimination Pursuant to Arizona State Law**

I.    **Count ID-AZ-1: Defendants Invidious Age Discrimination Pursuant to State Law:** The Arizona Civil Rights Act prohibits workplace discrimination on the basis of age (40 years or older; A.R.S. § 41-1463). A private employer is covered by the Act if it has 15 or more employees on each working day in each of 20 or more calendar weeks in the current or preceding calendar year (A.R.S. § 41-1461(6)). On the basis of the Defendants number of employees as being greater than fifteen (15), and Plaintiffs age, over forty (40), Plaintiff therefore establishes herein a valid standalone cause of action against the Defendants as an employer, its agents or co-conspirators, or those acting at least in part out of personal interests and/or animosities, which under the Arizona Civil Rights Act when one or more Defendants conspired to rescinded a verbal offer of employment; and

II.    **Count ID-AZ-2:** Plaintiff establishes herein a valid standalone cause of action against the Defendants as either an employer, its agents or co-conspirators, under the Arizona Civil Rights Act when Defendant conspired to otherwise or failed to hire the Plaintiff pursuant to his formal application with **M3,** for unlawful discriminatory reasons on the basis of his age.

III.    **Count ID-AZ-3 Defendants Invidious Sex Discrimination Pursuant to State Law; and**

IV.   **Count ID-AZ-4 Defendants Invidious Race/Color/National Origin Discrimination Pursuant to State Law:** The Arizona Civil Rights Act also prohibits workplace discrimination on the basis of sex, race, color, and national origin (A.R.S. § 41-1463). On the basis of the Defendants number of employees as being greater than fifteen (15), and Plaintiffs Sex/Race/Color/National Origin are Male, Caucasian, White and Anglo European, Plaintiff therefore establishes herein a valid standalone cause of action against the Defendants as an employer, its agent and/or its co-conspirator under the Arizona Civil Rights Act when Defendant rescinded a verbal offer of employment and otherwise failed to hire the Plaintiff pursuant to his formal application with **M3** for unlawful discriminatory reasons on the basis of his Race/Color/National Origin.

**E-2) Counts of Unlawful Employment Discrimination Pursuant to Federal Law**

I.    **Count ID-FED-1: Defendants Invidious Age Discrimination Pursuant to Federal Law:** It is alleged herein, one or more "employee/agents" of **M3,** and/or its co-conspirators, violated the Plaintiffs rights to free from harassment, discrimination and/or retaliation in the workplace, on the basis of his age, pursuant to the <u>Age Discrimination in Employment Act of 1967 (ADEA)</u>, When Defendant rescinded a verbal offer of employment and otherwise failed to hire the Plaintiff pursuant to his formal application with **M3** for unlawful discriminatory reasons on the basis of his Age, said action was unlawful pursuant to the ascribed to Federal Law.

II.   **Count ID-FED-2 Defendants Invidious Sex Discrimination Pursuant to Federal Law; and**

III.  **Count ID-FED-3 Defendants Invidious Race/Color/National Origin Discrimination Pursuant to Federal Law:** It is alleged herein, one or more "employee/agents" of **M3,** and/or its co-conspirators, violated the Plaintiffs rights to free from harassment,

discrimination and/or retaliation in the workplace, on the basis of his Sex/Race/Color/National Origin pursuant to Pub. L. 88-352, 42 U.S.C. §§ 2000e to e-17 (2019) (as amended), as commonly referred to as Title VII of the Civil Rights Act of 1964 (Title VII), When Defendants rescinded a verbal offer of employment and/or otherwise failed to hire the Plaintiff pursuant to his formal application with **M3** for unlawful discriminatory reasons on the basis of his Sex/Race/Color/National Origin, said action was unlawful pursuant to the ascribed to Federal Law.

**F) Defendants Invidious Discrimination for Purposes of Retaliation Pursuant to Federal Law:** It is alleged herein, one or more "employee/agents" of **M3** , and/or its co-conspirators, violated the Plaintiffs rights to free from retaliation in the workplace, on the basis of his engagement in protected activity pursuant to those certain applicable Federal statutes for purposes of unlawful retaliation pursuant to: 42 U.S. Code § 1985(1); 42 U.S. Code § 1985(2) ; 42 U.S. Code § 1985(3); Title 18, U.S.C., Section 242; 42 U.S. Code § 1986; 18 U.S.C. § 1621; 18 U.S. Code § 111; Section 115(a)(2) of Title 18; 36 CFR § 327.24; 18 U.S.C. § 1346; 25 CFR § 11.406; 18 U.S.C. 371; 18 U.S.C. § 1343; and 18 U.S. Code § 1341.; and pursuant to Pub. L. 88-352, 42 U.S.C. §§ 2000e to e-17 (2019) (as amended), as commonly referred to as Title VII of the Civil Rights Act of 1964 (Title VII). Said reporting was also concurrently reporting fraud, waste and abuse, and therefore also protected activity under the Whistleblower Protection Act of 1989, 5 U.S.C. 2302(b)(8)-(9), Pub.L. 101-12 as amended. Defendants are civilly liable for their actions regardless of pursuit of any criminal prosecution.

Thus, said speech and conduct was both "privileged", by contractual obligation and "protected" employment activity, pursuant to certain laws of the United States, and Plaintiffs rights to freedom of speech as granted the First Amendment of the US Constitution, which allows any citizen to

peacefully question the actions of his government, excepting certain instances of national security which are not applicable to this instant cause.

Thus, Plaintiff therefore establishes herein a valid standalone cause of action against the Defendant as an employer, and each of its defendant co-conspirators, under each of the following Federal laws, when Defendant **M3** and/or one of its co-conspirators, rescinded a verbal offer of employment and otherwise failed to hire the Plaintiff pursuant to his formal application with **M3** for unlawful discriminatory reasons on the following basis:

**F-1) Counts of Defendants Invidious Discrimination for Purposes of Retaliation Pursuant to Federal Law:**

I.   Each paragraph of this Complaint is incorporated as if restated fully herein; and

II.  Herein Plaintiff alleges pursuant to, _R. Prasad Indus. v. Flat Irons Envtl. Solutions Corp.,_ _2013 WL 2217831, *14 (D. Ariz. May 20, 2013),_ the conspirators agreed to commit multiple torts, frauds and deceits, not simply the crime(s) asserted here. Said crime(s) identify and define the manner and means of the Defendants unlawful conduct, by which they are liable for the damages and sufferings upon which the Defendants inflicted upon the Plaintiff; and

III. Defendants, acting in concert with each other and other Co-Conspirators— as Agents of **M3** identified herein—reached an agreement among themselves to deprive Plaintiff of his constitutional rights and equal protection of the laws, all as described in the various paragraphs of this Complaint; and

IV.  In so doing, these Defendants and Co-Conspirators conspired to accomplish an unlawful purpose by an unlawful means. In addition, these co-conspirators agreed among themselves to protect one another from liability for depriving Plaintiff of these rights; and

V.      In furtherance of the conspiracy, each of the Defendants and Co-Conspirators committed overt acts and was an otherwise willful participant in joint activity; and

VI.     The conspiracy between Defendants and the other Co-Conspirators set forth above, and the actions taken in furtherance thereof, were motivated by animus on the basis of retaliation for engagement in prior protected activity; and

VII.    Specifically, working in concert with these others, Defendants and Co-Conspirators targeted the Plaintiff as an individual, and belonging to his protected class as a person having engaged in prior protected activity, due to their personal and collective animus, against persons of that color wiling to report official misconduct and their perception of that profile group. Thus, by executing retaliation against the Plaintiff, they sought "social justice" for the misconduct of others, not based on any actions of the Plaintiff, but rather based on the tidal wave of current events, particularly related to accusations of impropriety and a sense of entitlement to the lands and minerals of the United States without the burden of costs for royalties, environmental compliance and reclamation; and

VIII.   Specifically, working in concert with these others, Defendants and Co-Conspirators targeted the Plaintiff as an individual, for his participation in prior protected activity, that is namely, reporting official misconduct, inclusive of discriminatory misconduct, on the basis of retaliation for protected activity; and

IX.     The misconduct described in this Count was objectively unreasonable and was undertaken intentionally, with malice, willfulness, and reckless indifference to the rights of the Plaintiff and was "chilling effect" to others similarly situated; and

X.      As a direct and proximate result of the illicit prior agreement referenced above, Plaintiffs rights were violated and he suffered injuries, including emotional distress and financial harm; and

XI.   Plaintiff's' sufferings and financial harms were caused by the actions and decisions of Defendants **WO**, **BO**, **M3** and its agents or proxies, acting both in their individual and/or official, authorized capacities; and

XII.  The misconduct described in this Count was undertaken pursuant to the policies and practices of **M3**, in a manner inconsistent with the laws of the State of Arizona and the United States more fully described herein and/or its negligence insuring lawful polices, practices and procedures were emplaced, communicated and employees were properly trained in executing said policies and procedures:

XIII.   **Count R-FED-1, 2 and 3** pursuant to 42 U.S. Code § 1985(1)(2) and (3)

XIV.   **Count R-FED-4** pursuant to Title 18, U.S.C., Section 242

XV.    **Count R-FED-5** pursuant to 42 U.S. Code § 1986

XVI.   **Count R-FED-6** pursuant to 18 U.S.C. § 1621

XVII.  **Count R-FED-7** pursuant to 18 U.S. Code § 111

XVIII. **Count R-FED-8** pursuant to Section 115(a)(2) of Title 18

XIX.   **Count R-FED-9** pursuant to 36 CFR § 327.24

XX.    **Count R-FED-10** pursuant to 18 U.S.C. § 1346

XXI.   **Count R-FED-11** pursuant to 25 CFR § 11.406

XXII.  **Count R-FED-12** pursuant to 18 U.S.C. 371

XXIII. **Count ID-FED-13** pursuant to 18 U.S.C. § 1343

XXIV.  **Count R-FED-14** pursuant to pursuant to Title VII

XXV.   **Count R-FED-15** pursuant to the Whistleblower Protection Act of 1989, 5 U.S.C. 2302(b)(8)-(9), Pub.L. 101-12 as amended.

**G) Defendants Invidious Discrimination for Purposes of Interference with a Federal Officer**

**Pursuant to Federal Law:** Plaintiff asserts by contract he remains a Federal Employee until his employment disputes are resolved in the Federal courts. Therefore, certain laws are also inclusive of the laws of the United States, emplaced to protect the Plaintiff from unlawful frauds, deceits and liability was imputed upon the Defendant when certain "employee/agents" of the entity identified herein, by unlawful conspiracy or coercion, violated those Federal rights of the Plaintiffs to effect one or more conspiracies to interference with the performance of his duties, and/or retaliate for actually performing his required duties, inclusive of a duty to disclose wrong doing, and/or as deterrent to him or others from doing likewise.

Herein Plaintiff alleges pursuant to, *R. Prasad Indus. v. Flat Irons Envtl. Solutions Corp.*, 2013 WL 2217831, *14 (D. Ariz. May 20, 2013), the conspirators agreed to commit multiple torts, frauds and deceits, not simply the crime(s) asserted here. Said crime(s) identify and define the manner and means of the Defendants unlawful conduct, by which they are liable for the damages and sufferings upon which the Defendants inflicted upon the Plaintiff; and

Said misconduct effectively constituted execution of, and/or attempted to execute assaulting, resisting or impeding a Federal Official, pursuant to 18 U.S. Code § 111, Section 115(a)(2) of Title 18 covers threats against all Federal employees, including those covered by § 351, when such threat is done "with intent to impede, intimidate, or interfere with" such Federal employee "while engaged in the performance of official duties, or with intent to retaliate against" such Federal employee, and 36 CFR § 327.24 - Interference with Government employees.

Also, said misconduct constituted "obstruction of justice", and "deprivation of honest government services" by a "scheme or artifice to defraud" the Plaintiff pursuant to 18 U.S.C. § 1346 , through coercion, as defined pursuant to 25 CFR § 11.406 and/or pursuant to 18 U.S.C. 371, "conspiracy

to commit any other federal crime" with another party; and/or 42 U.S. Code § 1985 (2) and (3), "conspiracy to interfere with Plaintiffs civil rights" with another party and when false and perjurious statements, materials and/or omissions of materials, were transmitted and/or were deliberately not transmitted, via email and US Postal mail, and therefore were violations of federal law pursuant to 18 U.S.C. § 1343 - Fraud by wire, radio, or television[2] and 18 U.S. Code § 1341 - Frauds and swindles. Defendants are civilly liable for their actions regardless of pursuit of any criminal prosecution.

## G-1) Counts of Defendants Invidious Discrimination for Purposes of Interference with a Federal Officer Pursuant to Federal Law:

The Defendant **M3**, its agents, Defendants **WO** and **BO**, acting in concert with each other, violated the Plaintiff's rights for the purposes of interference with a federal officer, as Plaintiff challenged the unlawful conduct of a number of mining companies which for which the Defendants have business interests and relationships as well as personal interests, quantifiable financially and non-financially, with and for certain business entities, within the small mineral developing, mining and processing communities, they desires to maintain and/or develop the pursuant to the counts identified below.

I.    Each paragraph of this Complaint is incorporated as if restated fully herein; and

II.   Herein Plaintiff alleges pursuant to, *R. Prasad Indus. v. Flat Irons Envtl. Solutions Corp.*, 2013 WL 2217831, *14 (D. Ariz. May 20, 2013), the conspirators agreed to commit multiple torts, frauds and deceits, not simply the crime(s) asserted here. Said crime(s) identify and define the manner and means of the Defendants unlawful conduct, by which they are liable for the damages and sufferings upon which the Defendants inflicted upon the Plaintiff; and

III.   Defendants, acting in concert with each other and other Co-Conspirators— as Agents of **M3** identified herein—reached an agreement among themselves to deprive Plaintiff of his constitutional rights and equal protection of the laws, all as described in the various paragraphs of this Complaint; and

IV.   In so doing, these Defendants and Co-Conspirators conspired to accomplish an unlawful purpose by an unlawful means. In addition, these co-conspirators agreed among themselves to protect one another from liability for depriving Plaintiff of these rights; and

V.   In furtherance of the conspiracy, each of the Defendants and Co-Conspirators committed overt acts and was an otherwise willful participant in joint activity; and

VI.   The conspiracy between Defendants and the other Co-Conspirators set forth above, and the actions taken in furtherance thereof, were motivated by animus on the basis of retaliation for engagement in prior protected activity; and

VII.   Specifically, working in concert with these others, Defendants and Co-Conspirators targeted the Plaintiff as an Federal Employee, and having a regulatory responsibility for reporting unlawful activity in the Mining Sector on federal lands, due to their personal and collective animus, against persons of that ilk and/or willing to report official misconduct and their perception of that profile group. Thus, by executing retaliation against the Plaintiff, they sought "social justice" for the misconduct of others, not based on any actions of the Plaintiff, but rather based on the tidal wave of current events, particularly related to accusations of impropriety and a sense of entitlement to the lands and minerals of the United States without the burden of costs for royalties, environmental compliance and reclamation; and

VIII.   Specifically, working in concert with these others, Defendants and Co-Conspirators targeted the Plaintiff as an individual, for his participation in prior protected activity, that

is namely, reporting official misconduct, inclusive of discriminatory misconduct, on the basis of retaliation for protected activity; and

IX.    The misconduct described in this Count was objectively unreasonable and was undertaken intentionally, with malice, willfulness, and reckless indifference to the rights of the Plaintiff and was "chilling effect" to others similarly situated; and

X.    As a direct and proximate result of the illicit prior agreement referenced above, Plaintiffs rights were violated and he suffered injuries, including emotional distress and financial harm; and

XI.    Plaintiff's' sufferings and financial harms were caused by the actions and decisions of Defendants **WO**, **BO**, **M3** and its agents or proxies, acting both in their individual and/or official, authorized capacities; and

XII.    The misconduct described in this Count was undertaken pursuant to the policies and practices of **M3**, in a manner inconsistent with the laws of the State of Arizona and the United States more fully described herein and/or its negligence insuring lawful polices, practices and procedures were emplaced, communicated and employees were properly trained in executing said policies and procedures:

XIII.    **Count INTR-FED-1** One or more of the Defendants actions effectively constituted execution of, and/or attempted to execute assaulting, resisting or impeding a Federal Official, pursuant to 18 U.S. Code § 111, Section 115(a)(2) of Title 18. Defendants are civilly liable for their actions regardless of pursuit of any criminal prosecution; and

XIV.    **Count INTR-FED-2** when pursuant to 36 CFR § 327.24 - Interference with Government employees, as one or more of the Defendants acts was as such threat is done "with intent to impede, intimidate, or interfere with" such Federal employee "while engaged in the performance of official duties" such Federal employee. Defendants are civilly liable for their actions regardless of pursuit of any criminal prosecution; and

XV.    **Count INTR-FED-3** when pursuant to <u>36 CFR § 327.24 - Interference with Government</u> <u>employees</u>, as one or more of the Defendants acts was as such threat is done "with intent to impede, intimidate, or interfere with" such Federal employee "with intent to retaliate against" such Federal employee. Defendants are civilly liable for their actions regardless of pursuit of any criminal prosecution.

## **H. Defamation/Slander, Libel and Perjury**

The Plaintiff shall additionally affirm upon a trial on the merits, the Defendants agents made one or more, false statements concerning the Plaintiff; said the statements were defamatory in the context of his seeking employment; the statement was published to one or more a third parties; and the requisite fault, fraud or deceit is solely upon the part of the Defendant and its agents; and the Plaintiff suffered damages as a result of the statement(s). <u>*Morris v. Warner*, 160 Ariz. 55, 62</u> <u>(Ariz. Ct. App. 1988)</u>. In Arizona defamation law, Arizona courts also frequently look to the Second Restatement of Torts, viewing it as a persuasive authority.

At least one agent of the Defendant as specifically referenced herein, namely Defendant **WO** submitted Perjurious, Defamatory/Slanderous, and Libelous statements, made both orally and in writing. As Defendant **WO** shared said statements with one or more parties inclusive of other co-conspirators employed by **M3**, establishing liability in his personal and individual capacity as well as imputing liability upon **M3**, for making unlawful libelous statements, and taking unlawful action based in part on those statements.

Said agent knowingly made false verbal statements and resubmitted such statements via electronic means, thus in writing, claims of Plaintiff losing his driver's license and/or physically assaulting at his prior place(s) of employment employees and/or making other false and defamatory claims

which were patently false, served no purpose excepting harm the reputation of the Plaintiff for pretextual purposes of denying him employment for which a offer was extended, accepted and rescinded for one or more discriminatory motives. Other agents, proxies and officers of **M3** perpetuated those falsities and thus entered into a conspiracy amongst themselves as previously ascribed to herein.

Herein Plaintiff alleges pursuant to, *R. Prasad Indus. v. Flat Irons Envtl. Solutions Corp.*, 2013 WL 2217831, *14 (D. Ariz. May 20, 2013), the conspirators agreed to commit multiple torts, frauds and deceits, not simply the crime(s) asserted here. Said crime(s) identify and define the manner and means of the Defendants unlawful conduct, by which they are liable for the damages and sufferings upon which the Defendants inflicted upon the Plaintiff; and

Said misconduct and/or unlawful conduct, as identified herein, is also, inclusive of committing Perjury Generally, as defined under 18 U.S.C. § 1621. and additionally as it was communicated electronically, as wire fraud communication, pursuant to 18 U.S.C. § 1343 - Fraud by wire, radio, or television, presenting said statements constituted deliberate violation of the above Federal laws. Defendants are civilly liable for their actions regardless of pursuit of any criminal prosecution.

It is assumed, the Defendants shall challenge Plaintiffs classification as a public "figure" or worker". However, in Arizona, to classify a person as a public figure, the person must have achieved "'such pervasive fame or notoriety that he becomes a public figure for all purposes and in all contexts." *Dombey v. Phoenix Newspapers, Inc.*, 150 Ariz. 480 (Ariz. 1986), (quoting *Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 351 (1974).

The Arizona Supreme Court has recognized that an individual may become a limited-purpose

public figure for a certain event or controversy when he "'voluntarily injects himself or is drawn into a particular public controversy. . . .'" *Id.* (quoting *Gertz*, 418 U.S. at 351).

In determining whether a person is a limited-purpose public figure, Arizona courts will consider whether the person has "'thrust[] himself or his views into public controversy to influence others'" and whether the person's "'position with respect to matters of public concern gives him access to the media on a regular and continuing basis.'" *Id.* at 483 (quoting *Hutchinson v. Proxmire*, 443 U.S. 111, 135 (1979).

The Arizona Supreme Court has held that a person "'is not automatically transformed into a public figure just by becoming involved in or associated with a matter that attracts public attention.'" *Id.* (quoting *Wolston v. Reader's Digest Ass'n, In*c., 443 U.S. 157, 167 (1979). Rather, the person must voluntarily assume a position that invites attention. Id. at 485 (quoting *McDowell v. Paiewonsky*, 769 F.2d 942, 950 (3rd Cir. 1985). In that regard, the Court has stated that "doing business with the government, being swept up in a controversy over an issue of public interest or concern, being named in articles creating a public controversy, and defending oneself against charges leveled in the media are all insufficient to automatically transform a private individual into a public figure." *Id.* at 484.

**H-A) Defendants Unlawful Defamatory/Slanderous Actions**

Slander is defamation by speech or another transitory form. Per Arizona law, a statement is defamatory if it "reasonably relate[s] to specific individuals." *Hansen v. Stoll*, 130 Ariz. 454, 636 P.2d 1236, 1240 (Ariz.App. 1981). Likewise a statement that "Tends to injure a person in his profession, trade, or business" or "Imputes the commission of a crime involving moral turpitude" is ***slander per se.*** *Modla v. Parker*, 495 P.2d 494, 4 n.1 (Ariz. Ct. App. 1972). ***Slander per quod***

are "all slanderous utterances which are not slanderous per se." *Boswell v. Phoenix Newspapers, Inc.*, 152 Ariz. 1, 6 n.4 (Ariz. Ct. App. 1985) approved as supplemented by *Boswell v. Phoenix Newspapers, Inc.*, 152 Ariz. 9 (Ariz. 1986).

As at least one agent of the Defendant, as specifically referenced herein, namely Defendant **WO**, submitted Slanderous and/or Defamatory statements, as ascribed to above, and specifically in regard to the Plaintiff, were made with actual malice, and therefore liability was imputed regardless of any determination of the Plaintiffs standing as a "public worker". Therefore as Plaintiff suffered significant "pecuniary losses.", per *Boswell*, 152 Ariz. 1, 6 n.4., Plaintiff is entitled to special damages.

Most importantly, the "meaning of words and statements should not be construed in isolation; rather, consideration should be given to the context and all surrounding circumstances, including the impression created by the words used and the expression's general tenor." See *Burns v. Davis*, 196 Ariz. 155, 165, 993 P.2d 1119, 1129 (Ct. App. 1999).

Pursuant to Plaintiffs claim of defamation, libel and slander, the Defendants identified herein, "must have known of the defamatory statement's falsity, been reckless in his disregard of the statement's truth, or been negligent in ascertaining the veracity of the statement i.e. certain statements "was the product of the defendant's imagination, this would fulfill the burden of establishing a knowing falsehood." See *Peagler v. Phx. News., Inc.*, 114 Ariz. 309, 315, 560 P.2d 1216, 1222 (1977))(citing *St. Amant v. Thompson*, 390 U.S. 727, 88 S.Ct. 1323 (1968)).

The Plaintiff, in responding to Defendants offer of employment was acting both in his "private figure" capacity and his "public figure" capacity to meet his contractual obligations to obtain

employment during the administration of his employment disputes. Therefore, as Plaintiff was acting in his capacity as "private figure", and the Defendants defamatory statement involves a matter of purely private concern unrelated to his official duties; *Dombey v. Phoenix Newspapers, Inc.*, 150 Ariz. 476, 481 (Ariz. 1986), and/or alternatively, it is abundantly clear, in the context of this cause, said statements were made with "Actual Malice" and such shall not be difficult, in trial upon the merits, to be affirmed as "proven" by a jury of Plaintiffs peers. *Id.* Thus Defendants unlawful actions are actionable as *"Defamation Per Se"*.

As Defendant **WO** shared said statements with one or more parties inclusive of other co-conspirators employed by **M3**, establishing liability in his personal and individual capacity as well as imputing liability upon **M3**, for making unlawful defamatory statements, and taking unlawful actions based in part on those statements.

## H-A1) Counts of Defendants Defamatory and Slanderous Statements for Purposes of Invidious Discrimination

The Defendant **M3**, its agents, Defendants **WO** and **BO**, acting in concert with each other, violated the Plaintiff's rights for the purposes of establishing pretext for invidious discrimination in violation of the state and federal equal employment laws pursuant to the counts identified below:

I.   Each paragraph of this Complaint is incorporated as if restated fully herein; and

II.  Herein Plaintiff alleges pursuant to, *R. Prasad Indus. v. Flat Irons Envtl. Solutions Corp.*, 2013 WL 2217831, *14 (D. Ariz. May 20, 2013), the conspirators agreed to commit multiple torts, frauds and deceits, not simply the crime(s) asserted here. Said crime(s) identify and define the manner and means of the Defendants unlawful conduct, by which they are liable for the damages and sufferings upon which the Defendants inflicted upon the Plaintiff; and

III.   Defendants, acting in concert with each other and other Co-Conspirators— as Agents of **M3** identified herein—reached an agreement among themselves to deprive Plaintiff of his constitutional rights and equal protection of the laws, all as described in the various paragraphs of this Complaint; and

IV.   In so doing, these Defendants and Co-Conspirators conspired to accomplish an unlawful purpose by an unlawful means. In addition, these co-conspirators agreed among themselves to protect one another from liability for depriving Plaintiff of these rights; and

V.    In furtherance of the conspiracy, each of the Defendants and Co-Conspirators committed overt acts and was an otherwise willful participant in joint activity; and

VI.   The conspiracy between Defendants and the other Co-Conspirators set forth above, and the actions taken in furtherance thereof, were motivated by animus on the basis of retaliation for engagement in prior protected activity; and

VII.  Specifically, working in concert with these others, Defendants and Co-Conspirators targeted the Plaintiff as both and an Federal Employee or "pubic worker", and having a regulatory responsibility for reporting unlawful activity in the Mining Sector on federal lands, due to their personal and collective animus, against persons of that ilk and/or willing to report official misconduct and their perception of that profile group. Thus, by executing retaliation against the Plaintiff, they sought "social justice" for the misconduct of others, not based on any actions of the Plaintiff, but rather based on the tidal wave of current events, particularly related to accusations of impropriety and a sense of entitlement to the lands and minerals of the United States without the burden of costs for royalties, environmental compliance and reclamation; and

VIII. Specifically, working in concert with these others, Defendants and Co-Conspirators targeted the Plaintiff as an individual, for his participation in prior protected activity, that

is namely, reporting official misconduct, inclusive of discriminatory misconduct, on the basis of retaliation for protected activity; and

IX.   The misconduct described in this Count was objectively unreasonable and was undertaken intentionally, with malice, willfulness, and reckless indifference to the rights of the Plaintiff and was "chilling effect" to others similarly situated; and

X.    As a direct and proximate result of the illicit prior agreement referenced above, Plaintiffs rights were violated and he suffered injuries, including emotional distress and financial harm; and

XI.   Plaintiff's' sufferings and financial harms were caused by the actions and decisions of Defendants **WO, BO, M3** and its agents or proxies, acting both in their individual and/or official, authorized capacities; and

XII.  The misconduct described in this Count was undertaken pursuant to the policies and practices of **M3**, in a manner inconsistent with the laws of the State of Arizona and the United States more fully described herein and/or its negligence insuring lawful polices, practices and procedures were emplaced, communicated and employees were properly trained in executing said policies and procedures:

XIII. **Count DEF PER SE-1:** The Plaintiff asserts, the Defendant identified herein, as **M3**, entered one or more conspiracies to Defame or otherwise Slander the Plaintiff, while Plaintiff was acting in his "Private Figure Capacity"; and

XIV.  **Count DEF PER SE-2:** The Plaintiff asserts, the Defendant identified herein, as **WO**, entered one or more conspiracies, entered one or more conspiracies to Defame or otherwise Slander the Plaintiff, while Plaintiff was acting in his "Private Figure Capacity"; and

XV.    **Count DEF PER SE-3** The Plaintiff asserts, the Defendant identified herein as **BO**, entered one or more conspiracies to Defame or otherwise Slander the Plaintiff, while Plaintiff was acting in his "Private Figure Capacity"; and

XVI.    **Count DEF PER SE-4** The Plaintiff asserts, the Defendants identified herein as **John or Jane Doe**, entered one or more conspiracies to Defame or otherwise Slander the Plaintiff, while Plaintiff was acting in his "Private Figure Capacity"; and

XVII.    **Count DEF PER QOUD-1:** The Plaintiff asserts, the Defendant identified herein, as **M3**, entered one or more conspiracies to Defame or otherwise Slander the Plaintiff, and said Defamation/Slander, is not otherwise classified as "Defamation Per Se"; and

XVIII.    **Count DEF PER QOUD-2:** The Plaintiff asserts, the Defendant identified herein, as **WO**, entered one or more conspiracies, entered one or more conspiracies to Defame or otherwise Slander the Plaintiff, and said Defamation/Slander, is not otherwise classified as "Defamation Per Se"; and

XIX.    **Count DEF PER QOUD-3** The Plaintiff asserts, the Defendant identified herein as **BO**, entered one or more conspiracies to Defame or otherwise Slander the Plaintiff, and said Defamation/Slander, is not otherwise classified as "Defamation Per Se"; and

XX.    **Count DEF PER QOUD-4** The Plaintiff asserts, the Defendants identified herein as **John or Jane Doe**, entered one or more conspiracies to Defame or otherwise Slander the Plaintiff, and said Defamation/Slander, is not otherwise classified as "Defamation Per Se"; and

**H-B) Defendants Unlawful Libelous Actions**

"'A libel is any malicious falsehood expressed by writing, printing, or by signs or pictures, which tends to bring any person into disrepute, contempt or ridicule, or to blacken the memory of one who is dead; or any malicious defamation expressed by writing, printing, or by signs or pictures,

which tends to impeach the honesty, integrity, virtue or reputation, or publish the natural or alleged defects of one who is alive, and thereby to expose him to public hatred, contempt or ridicule. . . .'" *Central Arizona L. P. Co. v. Akers*, 45 Ariz. 526, 46 P.2d 126, 131.

At least one agent of the Defendant as specifically referenced herein, namely Defendant **WO** submitted Perjurious, Defamatory, Libelous and Slanderous statements, made both orally and in writing. As Defendant **WO** shared said statements with one or more parties inclusive of other co-conspirators employed by **M3**, establishing liability in his personal and individual capacity as well as imputing liability upon **M3**, for making unlawful libelous statements, and taking unlawful action based in part on those statements.

Therefore, pursuant to the statements as Defamation "Per Se" or "Per Qoud", "the communication between two agents of the same principal is a publication for defamation purposes." see *Dube v. Likins*, 216 Ariz. 406, 417, 167 P.3d 93, 104 (Ct. App. 2007) (holding that letters between two parties were "published" for defamation purposes, even if they were written in the scope of their employment). Thus, as also "written in electronic communication", are also "published and therefore, said statements are also actionable as unlawful "libelous" statements.

Arizona law distinguishes between statements that constitute libel per se and libel per quod. *"Libel Per Se"* are written communications which "on their face and without the aid of any extrinsic matter" tend to "bring any person into disrepute, contempt or ridicule" or "impeach the honesty, integrity, virtue or reputation." *Ilitzky v. Goodman*, 57 Ariz. 216, 220-21 (Ariz. 1941). In contrast, libel *"Per Quod"* consists of written communications which "on their face do not fall within the definition [of defamation] but which by reason of special extraneous circumstances actually do." *Id*. at 221.

**H-B1 Counts of Defendants Unlawful Libelous Actions**

At least one Defendant as specifically identified herein, submitted Perjurious, Libelous and Slanderous statements, designed to harm the reputation of the Plaintiff and establish pretextual reasons, in conspiracy with others, to deny him a fair employment opportunity, made both orally and in writing, and additionally communicated electronically, as wire fraud communication, pursuant to 18 U.S.C. § 1343 - Fraud by wire, radio, or television, presenting said statements, before other persons employed by the Defendant in the course of consideration of Plaintiff for employment, constituted deliberate violation of multiple Federal laws, inclusive of, but not limited to, 18 U.S.C. § 1621, Perjury Generally.

I.    Each paragraph of this Complaint is incorporated as if restated fully herein; and

II.   Herein Plaintiff alleges pursuant to, *R. Prasad Indus. v. Flat Irons Envtl. Solutions Corp.*, 2013 WL 2217831, *14 (D. Ariz. May 20, 2013), the conspirators agreed to commit multiple torts, frauds and deceits, not simply the crime(s) asserted here. Said crime(s) identify and define the manner and means of the Defendants unlawful conduct, by which they are liable for the damages and sufferings upon which the Defendants inflicted upon the Plaintiff; and

III.  Defendants, acting in concert with each other and other Co-Conspirators— as Agents of **M3** identified herein—reached an agreement among themselves to deprive Plaintiff of his good reputation, as well as lawful and fair consideration in employment, all as described in the various paragraphs of this Complaint; and

IV.   In so doing, these Defendants and Co-Conspirators conspired to accomplish an unlawful purpose by an unlawful means. In addition, these co-conspirators agreed among

themselves to protect one another from liability for depriving Plaintiff of these rights and obligations; and

V.    In furtherance of the conspiracy, each of the Defendants and Co-Conspirators committed overt acts and was an otherwise willful participant in joint activity; and

VI.    The conspiracy between Defendants and the other Co-Conspirators set forth above, and the actions taken in furtherance thereof, were motivated by animus on the basis of retaliation for engagement in prior protected activity; and

VII.    Specifically, working in concert with these others, Defendants and Co-Conspirators targeted the Plaintiff as a Federal Employee, and having a regulatory responsibility for reporting unlawful activity in the Mining Sector on federal lands, due to their personal and collective animus, against persons of that ilk and/or willing to report official misconduct and their perception of that profile group. Thus, by executing retaliation against the Plaintiff, they sought "social justice" for the misconduct of others, not based on any actions of the Plaintiff, but rather based on the tidal wave of current events, particularly related to accusations of impropriety and a sense of entitlement to the lands and minerals of the United States without the burden of costs for royalties, environmental compliance and reclamation; and

VIII.    Specifically, working in concert with these others, Defendants and Co-Conspirators targeted the Plaintiff as an individual, for his participation in prior protected activity, that is namely, reporting official misconduct, inclusive of discriminatory misconduct, based on retaliation for engagement in said protected activity; and

IX.    The misconduct described in this Count was objectively unreasonable and was undertaken intentionally, with malice, willfulness, and reckless indifference to the rights of the Plaintiff and was "chilling effect" to others similarly situated; and

X.    As a direct and proximate result of the illicit prior agreement referenced above, Plaintiffs rights were violated and he suffered injuries, including emotional distress and financial harm; and

XI.    Plaintiff's' sufferings and financial harms were caused by the actions and decisions of Defendants **WO, BO, M3** and its agents or proxies, acting both in their individual and/or official, authorized capacities; and

XII.    The misconduct described in this Count was undertaken pursuant to the policies and practices of **M3**, in a manner inconsistent with the laws of the State of Arizona and/or the United States more fully described herein and/or its negligence insuring lawful polices, practices and procedures were emplaced, communicated and employees were properly trained in executing said policies and procedures:

XIII.    **Count LIB PER SE-1:** The Plaintiff asserts, the Defendant identified herein, as **M3**, entered one or more conspiracies to Defame or otherwise Slander the Plaintiff, while Plaintiff was acting in his "Private Figure Capacity"; and

XIV.    **Count LIB PER SE-2:** The Plaintiff asserts, the Defendant identified herein, as **WO**, entered one or more conspiracies, entered one or more conspiracies to Defame or otherwise Slander the Plaintiff, while Plaintiff was acting in his "Private Figure Capacity"; and

XV.    **Count LIB PER SE-3** The Plaintiff asserts, the Defendant identified herein as **BO**, entered one or more conspiracies to Defame or otherwise Slander the Plaintiff, while Plaintiff was acting in his "Private Figure Capacity"; and

XVI.    **Count LIB PER SE-4** The Plaintiff asserts, the Defendants identified herein as **John or Jane Doe**, entered one or more conspiracies to Defame or otherwise Slander the Plaintiff, while Plaintiff was acting in his "Private Figure Capacity"; and

XVII.  **Count LIB PER QOUD-1:** The Plaintiff asserts, the Defendant identified herein, as **M3**, entered one or more conspiracies to Defame or otherwise Slander the Plaintiff, and said Defamation/Slander, is not otherwise classified as "Defamation Per Se"; and

XVIII.  **Count LIB QOUD-2:** The Plaintiff asserts, the Defendant identified herein, as **WO**, entered one or more conspiracies, entered one or more conspiracies to Defame or otherwise Slander the Plaintiff, and said Defamation/Slander, is not otherwise classified as "Defamation Per Se"; and

XIX.  **Count DEF LIB QOUD-3** The Plaintiff asserts, the Defendant identified herein as **BO**, entered one or more conspiracies to Defame or otherwise Slander the Plaintiff, and said Defamation/Slander, is not otherwise classified as "Defamation Per Se"; and

XX.  **Count DEF LIB QOUD-4** The Plaintiff asserts, the Defendants identified herein as **John or Jane Doe**, entered one or more conspiracies to Defame or otherwise Slander the Plaintiff, and said Defamation/Slander, is not otherwise classified as "Defamation Per Se"; and


**I. Defendants Conspiracy to Commit Contractual Interference**

Arizona courts have historically defaulted to the Restatement for guidance on interference claims. See Restatement (Second) of Torts §766 (1979). Defendants actions constituted unlawful interference pursuant to the Plaintiffs Federal and States rights pertinent to contractual interference as principally governed pursuant to Restatement (Second) of Torts §§ 766, 766A, 766B and 876(a), (b) and (c).

Pursuant to those certain contractual agreements, **M3**, its various agents, through the actions of one or more agents, as well as Defendants **WO** and **BO**, and their additional co-conspirators, conspired to unlawfully interfere with Plaintiffs employment related agreements/contracts. The

interference was intentional and without a justifiable purpose, and thus in committing one or more unlawful acts of "tortious interference", the Defendants are to be held liable for their actions.

Said liability for interference arose as the Defendants as interferers, induced one or more parties to breach a contract by either; (a) enticing the party not to perform or (b) preventing them from performing their obligations through improper means.

The Plaintiff shall in a trial upon the merits demonstrate the following elements and prove his claims, by a preponderance of the evidence. *Wells Fargo Bank v. Arizona Laborers, Teamsters & Cement Masons Loc. No. 395 Pension Tr. Fund*, 201 Ariz. 474, 495-6 ¶ 86 (2002), as corrected (Apr. 9, 2002).

1. The existence of a valid contracts; and

2. Knowledge of the relationship on the part of the interferer; and

3. Intentional interference inducing or causing a beach; and

4. Resultant damages to the party whose relationship was disrupted; and

5. The Defendant acted improperly.

*Wagenseller v. Scottsdale Mem'l Hosp.*, 147 Ariz. 370, 386-8 (1985); *Snow v. W. Sav. & Loan Ass'n*, 152 Ariz. 27, 33 (1986).

Pursuant to the Plaintiffs contractual agreements, it shall be definitively shown the following contractual agreements were either in place, by which Defendants actions effected tortious interference with an existing contract, and/or their actions constituted "tortious interference with a prospective business relation" or "prospective economic advantage." *Bar J Bar Cattle Co. v. Pace*, 158 Ariz. 481, 486 (Ct. App. 1988).

Such interference as principally governed pursuant to Restatement (Second) of Torts §§ 766, 766A, 766B and 876(a) by which:

K)    Defendants actions detrimentally interfered with the employment contract established by Promissory Estoppel as "unlawful interference with one's own contract"; and

L)    Defendants actions detrimentally interfered with Plaintiffs obligations to mediate his employment disputes with the Equal Employment Commission (EEOC); and

M)    Defendants actions detrimentally interfered with Plaintiffs obligations to obtain employment while his employment dispute with the US Department of Defense (DOD), Department of the Air Force (USAF), was being mediated by the EEOC and/or in civil litigation; and

N)    Defendants actions detrimentally interfered with Plaintiffs obligations to interference with his existing and future performance as a Federal Officer and to obtain employment while his employment dispute with the US Department of the Interior, Bureau of Land Management (DOI-BLM), was also being mediated by the (EEOC); and

O)    Defendants actions interfered with Plaintiffs employment relationship as established with the Monterey County Water Resources Agency (MCWRA); and

P)    Defendants actions detrimentally interfered with Plaintiffs employment relationship as established with the Federal entity known as the International Boundary Waters Commission (IWBC); and

Q)    Defendants actions detrimentally interfered with Plaintiffs employment relationship as established with the company known as ASRC Federal NETCENTRIC TECHNOLOGY, LLC (ASRC); and

R)    Defendants actions detrimentally interfered with Plaintiffs employment relationship as established with the mining company known as Freeport-McMoRan (FCX); and

S)    Defendants actions additionally have detrimentally interfered with any and all of Plaintiffs future employment contractual relationships; and

T)    Defendants actions unlawfully detrimentally interfered with Plaintiffs attempts to refinance his personal property.


The misconduct of the Defendants ascribed herein was objectively unreasonable and was undertaken intentionally, with malice, willfulness, and reckless indifference to the rights of the Plaintiff and was to provide a "chilling effect" to others similarly situated. Therefore, punitive damages are appropriate as the Defendants acts were not taken in good faith. *Pre-Fit Door, Inc. v. Dor-Ways, Inc.*, 13 Ariz. App. 438, 441 (1970). Punitive damages are also available because the acts of the Defendants were "malicious in fact". *Chanay v. Chittenden*, 115 Ariz. 32, 37 (1977).


## A) Restatement (Second) of Torts § 876. Persons Acting In Concert

Herein Plaintiff alleges pursuant to, *R. Prasad Indus. v. Flat Irons Envtl. Solutions Corp.*, 2013 WL 2217831, *14 (D. Ariz. May 20, 2013), the conspirators agreed to commit multiple torts, frauds and deceits, not simply the crime(s) asserted here. Said crime(s) identify and define the manner and means of the Defendants unlawful conduct, by which they are liable for the damages and sufferings upon which the Defendants inflicted upon the Plaintiff.


For harm resulting to a third person from the tortious conduct of another, one is subject to liability if he; (a) does a tortious act in concert with the other or pursuant to a common design with him, or (b) knows that the other's conduct constitutes a breach of duty and gives substantial assistance or encouragement to the other so to conduct himself, or (c) gives substantial assistance to the other in accomplishing a tortious result and his own conduct, separately considered, constitutes a breach of duty to the third person.

*Hobbs v. M3*
as Filed D. Az. 11/28/22

**I-A1 Counts of Defendants Unlawful Interference Pursuant to Restatement (Second) of Torts §876**

At least one Defendant as specifically identified herein, submitted Perjurious, Libelous and Slanderous statements, designed to harm the reputation of the Plaintiff and establish pretextual reasons, in conspiracy with others, to deny him a fair employment opportunity, retaliate and interfere with his performance as a Federal Officer and otherwise harm his good reputation

I.  Each paragraph of this Complaint is incorporated as if restated fully herein; and

II.  Herein Plaintiff alleges pursuant to, *R. Prasad Indus. v. Flat Irons Envtl. Solutions Corp.*, 2013 WL 2217831, *14 (D. Ariz. May 20, 2013),* the conspirators agreed to commit multiple torts, frauds and deceits, not simply the crime(s) asserted here. Said crime(s) identify and define the manner and means of the Defendants unlawful conduct, by which they are liable for the damages and sufferings upon which the Defendants inflicted upon the Plaintiff; and

III.  Defendants, acting in concert with each other and other Co-Conspirators— as Agents of or co-conspirators with **M3, as** identified herein—reached an agreement among themselves to deprive Plaintiff of his good reputation, as well as lawful and fair consideration in employment, all as described in the various paragraphs of this Complaint; and

IV.  In so doing, these Defendants and Co-Conspirators conspired to accomplish an unlawful purpose by an unlawful means. In addition, these co-conspirators agreed among themselves to protect one another from liability for depriving Plaintiff of these rights and obligations; and

V.  In furtherance of the conspiracy, each of the Defendants and Co-Conspirators committed overt acts and was an otherwise willful participant in joint activity; and

VI.    The conspiracy between Defendants and the other Co-Conspirators set forth above, and the actions taken in furtherance thereof, were motivated by animus on the basis of retaliation for engagement in prior protected activity; and

VII.    Specifically, working in concert with these others, Defendants and Co-Conspirators targeted the Plaintiff as a Federal Employee, and having a regulatory responsibility for reporting unlawful activity in the Mining Sector on federal lands, due to their personal and collective animus, against persons of that ilk and/or willing to report official misconduct and their perception of that profile group. Thus, by executing retaliation against the Plaintiff, they sought "social justice" for the misconduct of others, not based on any actions of the Plaintiff, but rather based on the tidal wave of current events, particularly related to accusations of impropriety and a sense of entitlement to the lands and minerals of the United States without the burden of costs for royalties, environmental compliance and reclamation; and

VIII.    Specifically, working in concert with these others, Defendants and Co-Conspirators targeted the Plaintiff as an individual, for his participation in prior protected activity, that is namely, reporting official misconduct, inclusive of discriminatory misconduct, based on retaliation for engagement in said protected activity; and

IX.    The misconduct described in this Count was objectively unreasonable and was undertaken intentionally, with malice, willfulness, and reckless indifference to the rights of the Plaintiff and was "chilling effect" to others similarly situated; and

X.    As a direct and proximate result of the illicit prior agreement referenced above, Plaintiffs rights were violated and he suffered injuries, including emotional distress and financial harm; and

XI.    Plaintiff's' sufferings and financial harms were caused by the actions and decisions of Defendants **WO**, **BO**, **M3** and its agents or proxies, acting both in their individual and/or official, authorized capacities; and

## I-A2 Counts of Defendants Unlawful Interference Pursuant to Restatement (Second) of Torts §876(a)

**§ 876(a):** Parties are acting in concert when they act in accordance with an agreement to cooperate in a particular line of conduct or to accomplish a particular result. The agreement need not be expressed in words and may be implied and understood to exist from the conduct itself. Whenever two or more persons commit tortious acts in concert, each becomes subject to liability for the acts of the others, as well as for his own acts.

Available at: https://www.scribd.com/doc/47391315/Restatement-of-Torts-875-876-Persons-acting-in-concert

I.    **Count TI §876(a)-1:** The Plaintiff asserts, the Defendant identified herein, as **M3**, entered one or more conspiracies to Defame or otherwise Slander the Plaintiff, as "*one who does a tortious act in concert with the other or pursuant to a common design with him*", that is to repudiate Plaintiffs good reputation, to establish pretext for invidious discrimination and to retaliate for engagement in protected activity and interfere with his ongoing and future performance as a federal officer: and

II.    **Count TI §876(a)-2:** The Plaintiff asserts, the Defendant identified herein, as **WO**, entered one or more conspiracies, to Defame or otherwise Slander the Plaintiff, as "*one who does a tortious act in concert with the other or pursuant to a common design with him*", that is to repudiate Plaintiffs good reputation, to establish pretext for invidious discrimination and to retaliate for engagement in protected activity and interfere with his ongoing and future performance as a federal officer: and

III. **Count TI §876(a)-3:** The Plaintiff asserts, the Defendant identified herein as **BO**, entered one or more conspiracies to Defame or otherwise Slander the Plaintiff, or otherwise willfully participate in said conspiracy, as *"one who does a tortious act in concert with the other or pursuant to a common design with him"*, that is to repudiate Plaintiffs good reputation, to establish pretext for invidious discrimination and to retaliate for engagement in protected activity and interfere with his ongoing and future performance as a federal officer: and

IV. **Count TI §876(a)-4** The Plaintiff asserts, the Defendants identified herein as **John or Jane Doe**, entered one or more conspiracies to Defame or otherwise Slander the Plaintiff, or otherwise willfully participate in said conspiracy, as *"one who does a tortious act in concert with the other or pursuant to a common design with him"*, that is to repudiate Plaintiffs good reputation, e to establish pretext for invidious discrimination and to retaliate for engagement in protected activity and interfere with his ongoing and future performance as a federal officer: and

## I-A3 Counts of Defendants Unlawful Interference Pursuant to Restatement (Second) of Torts §876(b)

I. **Count TI §876(b)-1:** The Plaintiff asserts, the Defendant identified herein, as **M3**, entered one or more conspiracies to Defame or otherwise Slander the Plaintiff, as one who *"knows that the other's conduct constitutes a breach of duty and gives substantial assistance or encouragement to the other so to conduct himself"*, that is to repudiate Plaintiffs good reputation, establish pretext for invidious discrimination and to retaliate and interfere with his performance as a federal officer: and

II. **Count TI §876(b)-2:** The Plaintiff asserts, the Defendant identified herein, as **WO**, entered one or more conspiracies, to Defame or otherwise Slander the Plaintiff, as one

who *"knows that the other's conduct constitutes a breach of duty and gives substantial assistance or encouragement to the other so to conduct himself"*, that is to repudiate Plaintiffs good reputation, establish pretext for invidious discrimination and to retaliate and interfere with his performance as a federal officer: and

III. **Count TI §876(b)-3:** The Plaintiff asserts, the Defendant identified herein as **BO**, entered one or more conspiracies to Defame or otherwise Slander the Plaintiff, or otherwise willfully participate in said conspiracy, as one who *"knows that the other's conduct constitutes a breach of duty and gives substantial assistance or encouragement to the other so to conduct himself"*, that is to repudiate Plaintiffs good reputation, establish pretext for invidious discrimination and to retaliate and interfere with his performance as a federal officer: and

IV. **Count TI §876(b)-4** The Plaintiff asserts, the Defendants identified herein as **John or Jane Doe**, entered one or more conspiracies to Defame or otherwise Slander the Plaintiff, or otherwise willfully participate in said conspiracy, as one who *"knows that the other's conduct constitutes a breach of duty and gives substantial assistance or encouragement to the other so to conduct himself"*, that is to repudiate Plaintiffs good reputation, establish pretext for invidious discrimination and to retaliate and interfere with his performance as a federal officer: and

**I-A4 Counts of Defendants Unlawful Interference Pursuant to Restatement (Second) of Torts §876(c) and §652B**

I. **Count TI §876(c)-1:** The Plaintiff asserts, the Defendant identified herein, as **M3**, entered one or more conspiracies to Defame or otherwise Slander the Plaintiff, as one who *"gives substantial assistance to the other in accomplishing a tortious result and his own conduct, separately considered, constitutes a breach of duty to the third person "*, that is to repudiate

Plaintiffs good reputation, establish pretext for invidious discrimination and to retaliate and interfere with his performance as a federal officer: and

II. **Count TI §876(c)-2:** The Plaintiff asserts, the Defendant identified herein, as **WO**, entered one or more conspiracies, to Defame or otherwise Slander the Plaintiff, as one who *"gives substantial assistance to the other in accomplishing a tortious result and his own conduct, separately considered, constitutes a breach of duty to the third person",* that is to repudiate Plaintiffs good reputation, establish pretext for invidious discrimination and to retaliate and interfere with his performance as a federal officer: and

III. **Count TI §876(c)-3:** The Plaintiff asserts, the Defendant identified herein as **BO**, entered one or more conspiracies to Defame or otherwise Slander the Plaintiff, or otherwise willfully participate in said conspiracy, as one who *"gives substantial assistance to the other in accomplishing a tortious result and his own conduct, separately considered, constitutes a breach of duty to the third person",* that is to repudiate Plaintiffs good reputation, establish pretext for invidious discrimination and to retaliate and interfere with his performance as a federal officer: and

IV. **Count TI §876(c)-4** The Plaintiff asserts, the Defendants identified herein as **John or Jane Doe**, entered one or more conspiracies to Defame or otherwise Slander the Plaintiff, or otherwise willfully participate in said conspiracy, as one who *"knows that the other's conduct constitutes a breach of duty and gives substantial assistance or encouragement to the other so to conduct himself",* that is to repudiate Plaintiffs good reputation, establish pretext for invidious discrimination and to retaliate and interfere with his performance as a federal officer: and

XIV. **Count TI §652B-1** pursuant to Restatement of the Law, Second, Torts, § 652B, Intrusion Upon Seclusion: One or more of the Defendants identified herein, as in contacting the Plaintiff unsolicited, "As one who intentionally intrudes, physically or otherwise, upon

the solitude or seclusion of Plaintiff or his private affairs or concerns, is subject to liability to the other for invasion of his privacy, if the intrusion would be highly offensive to a reasonable person.", in that contact with Plaintiff was established to offer employment and then said contract was unlawfully rescinded, such offer and rescission, based upon information gained in violation of Plaintiffs privacy rights, is an intrusion as any reasonable person would find offense. Therefore, one or more of the Defendants identified herein are liable.

**B) Restatement (Second) of Torts § 766**

Said interference is inclusive of, but not limited to, actions which pursuant to Restatement (Second) of Torts § 766 as: "*One who intentionally and improperly interferes with the performance of a contract (except a contract to marry) between another and a third person by inducing or otherwise causing the third person not to perform the contract, is subject to a liability to the other for the pecuniary loss resulting to the other from the failure of the third person to perform the contract.*"

I.   **Count TI §766-1:** The Plaintiff asserts, the Defendant identified herein, as **M3**, entered one or more conspiracies to interfere with the performance of a contract between the Plaintiff and another party, namely the US Equal Employment Opportunity Commission (EEOC): and

II.  **Count TI §766-2:** The Plaintiff asserts, the Defendant identified herein, as **M3**, entered one or more conspiracies to interfere with the performance of a contract between the Plaintiff and another party, namely the US Department of the Interior, Bureau of Land Management (DOI-BLM): and

III. **Count TI §766-3:** The Plaintiff asserts, the Defendant identified herein, as **M3**, entered one or more conspiracies to interfere with the performance of a contract between the

Plaintiff and another party, namely the US Department of Defense, Department of The Air Force (DOD-USAF): and

IV. **Count TI §766-4:** The Plaintiff asserts, the Defendant identified herein, as **M3**, entered one or more conspiracies to interfere with the performance of a contract between the Plaintiff and another party, namely the Monterey County Water Resources Agency (MCWRA); and

V. **Count TI §766-5:** The Plaintiff asserts, the Defendant identified herein, as **M3**, entered one or more conspiracies to interfere with the performance of a contract between the Plaintiff and another party, namely with the Federal entity known as the International Boundary Waters Commission (IWBC); and

VI. **Count TI §766-6:** The Plaintiff asserts, the Defendant identified herein, as **M3**, entered one or more conspiracies to interfere with the performance of a contract between the Plaintiff and another party, namely with the business entity as ASRC Federal NETCENTRIC TECHNOLOGY, LLC (ASRC); and

VII. **Count TI §766-7:** The Plaintiff asserts, the Defendant identified herein, as **M3**, entered one or more conspiracies to interfere with the performance of a contract between the Plaintiff and another party, namely with the business entity, a mining company known as Freeport-McMoRan (FCX); and

VIII. **Count TI §766-8:** The Plaintiff asserts, the Defendant identified herein, as **WO**, entered one or more conspiracies to interfere with the performance of a contract between the Plaintiff and another party, namely the US Equal Employment Opportunity Commission (EEOC): and

IX. **Count TI §766-9:** The Plaintiff asserts, the Defendant identified herein, as **WO**, entered one or more conspiracies to interfere with the performance of a contract between the

Plaintiff and another party, namely the US Department of the Interior, Bureau of Land Management (DOI-BLM): and

X.      **Count TI §766-10:** The Plaintiff asserts, the Defendant identified herein, as **WO**, entered one or more conspiracies to interfere with the performance of a contract between the Plaintiff and another party, namely the US Department of Defense, Department of The Air Force (DOD-USAF): and

XI.     **Count TI §766-11:** The Plaintiff asserts, the Defendant identified herein, as **WO**, entered one or more conspiracies to interfere with the performance of a contract between the Plaintiff and another party, namely the Monterey County Water Resources Agency (MCWRA); and

XII.    **Count TI §766-12:** The Plaintiff asserts, the Defendant identified herein, as **WO**, entered one or more conspiracies to interfere with the performance of a contract between the Plaintiff and another party, namely with the Federal entity known as the International Boundary Waters Commission (IWBC); and

XIII.   **Count TI §766-13:** The Plaintiff asserts, the Defendant identified herein, as **WO**, entered one or more conspiracies to interfere with the performance of a contract between the Plaintiff and another party, namely with the business entity as ASRC Federal NETCENTRIC TECHNOLOGY, LLC (ASRC); and

XIV.    **Count TI §766-14:** The Plaintiff asserts, the Defendant identified herein, as **WO**, entered one or more conspiracies to interfere with the performance of a contract between the Plaintiff and another party, namely with the business entity, a mining company known as Freeport-McMoRan (FCX); and

XV.     **Count TI §766-15:** The Plaintiff asserts, the Defendants identified herein, as **BO, JOHN OR JANE DOE**, entered one or more conspiracies to interfere with the performance of a

contract between the Plaintiff and another party, namely the US Equal Employment Opportunity Commission (EEOC): and

XVI.  **Count TI §766-16:** The Plaintiff asserts, the Defendants identified herein, as **BO, JOHN OR JANE DOE**, entered one or more conspiracies to interfere with the performance of a contract between the Plaintiff and another party, namely the US Department of the Interior, Bureau of Land Management (DOI-BLM): and

XVII.  **Count TI §766-17:** The Plaintiff asserts, the Defendants identified herein, as **BO, JOHN OR JANE DOE**, entered one or more conspiracies to interfere with the performance of a contract between the Plaintiff and another party, namely the US Department of Defense, Department of The Air Force (DOD-USAF): and

XVIII.  **Count TI §766-18:** The Plaintiff asserts, the Defendants identified herein, as **BO, JOHN OR JANE DOE**, entered one or more conspiracies to interfere with the performance of a contract between the Plaintiff and another party, namely the Monterey County Water Resources Agency (MCWRA); and

XIX.  **Count TI §766-19:** The Plaintiff asserts, the Defendants identified herein, as **BO, JOHN OR JANE DOE**, entered one or more conspiracies to interfere with the performance of a contract between the Plaintiff and another party, namely with the Federal entity known as the International Boundary Waters Commission (IWBC); and

XX.  **Count TI §766-20:** The Plaintiff asserts, the Defendants identified herein, as **BO, JOHN OR JANE DOE**, entered one or more conspiracies to interfere with the performance of a contract between the Plaintiff and another party, namely with the business entity as ASRC Federal NETCENTRIC TECHNOLOGY, LLC (ASRC); and

XXI.  **Count TI §766-21:** The Plaintiff asserts, the Defendants identified herein, as **BO, JOHN OR JANE DOE**, entered one or more conspiracies to interfere with the performance of a

contract between the Plaintiff and another party, namely with the business entity, a mining company known as Freeport-McMoRan (FCX); and

XXII.    **Count TI §766-22:** The Plaintiff asserts, the Defendant identified herein, as **BO**, in her individual and personal capacity, entered one or more conspiracies to interfere with the performance of a contract between the Plaintiff and another party, namely with the business entity, known as M3 Engineering and Technology (M3); and

XXIII.    **Count TI §766-23:** The Plaintiff asserts, the Defendant identified herein, as **WO**, in his individual and personal capacity, entered one or more conspiracies to interfere with the performance of a contract between the Plaintiff and another party, namely with the business entity, known as M3 Engineering and Technology (M3); and

**C) Restatement (Second) of Torts § 766A**

Pursuant to that same, like and/or related, and/or concurrent unlawful conduct, Defendants, therefore also committed "tortious interference" pursuant to, Restatement (Second) of Torts § 766A, which recognizes a claim for: *"intentional interference with another's performance of his own contract". Interference means intentional conduct that causes another to terminate or not to perform a contract, or that makes another's performance of a contract impossible or more difficult."* Defendants **M3** and **WO**, failed to honor that contract, executed as a *"material breach"* pursuant to Arizona law and/or executed an unlawful *"Retaliatory Discharge"* pursuant to A.R.S.§ 23-1501. Defendants motives were based in part on for which there is remedy, as Defendants conduct was unlawful per A.R.S.§ 23-1501; (b)(i); (v) and (c)(i); as Plaintiff engaged in protected activity pursuant to the Arizona Civil Rights Act as prescribed in Title 41, Chapter 9.

I.    **Count TI §766A-1:** The Plaintiff asserts, the Defendant identified herein, as **M3**, entered one or more conspiracies to interfere with the performance of a contract between the Plaintiff and the business entity known as M3 Engineering and Technology (**M3**).

**C) Restatement (Second) of Torts § 766B**

Tortious interference with prospective or anticipated contractual relations is defined in Section 766B of the Restatement (Second) of Torts as: *"[I]nducing or otherwise causing a third person not to enter into or continue the prospective relation or (b) preventing the other from acquiring or continuing the relation."* Likewise, pursuant to that same, like and/or related, and/or concurrent unlawful conduct, **Defendants**, therefore also committed "tortious interference", pursuant to Restatement (Second) of Torts § 766B.

I.    **Count TI §766B-1:** The Plaintiff asserts, the Defendant identified herein, as **M3**, entered one or more conspiracies to interfere with the performance of a contract between the Plaintiff and another party, namely the US Equal Employment Opportunity Commission (EEOC): and

II.    **Count TI §766B-2:** The Plaintiff asserts, the Defendant identified herein, as **M3**, entered one or more conspiracies to interfere with the performance of a contract between the Plaintiff and another party, namely the US Department of the Interior, Bureau of Land Management (DOI-BLM): and

III.    **Count TI §766B-3:** The Plaintiff asserts, the Defendant identified herein, as **M3**, entered one or more conspiracies to interfere with the performance of a contract between the Plaintiff and another party, namely the US Department of Defense, Department of The Air Force (DOD-USAF): and

IV.    **Count TI §766B-4:** The Plaintiff asserts, the Defendant identified herein, as **M3**, entered one or more conspiracies to interfere with the performance of a contract between the Plaintiff and another party, namely the Monterey County Water Resources Agency (MCWRA); and

V. **Count TI §766B-5:** The Plaintiff asserts, the Defendant identified herein, as **M3**, entered one or more conspiracies to interfere with the performance of a contract between the Plaintiff and another party, namely with the Federal entity known as the International Boundary Waters Commission (IWBC); and

VI. **Count TI §766B-6:** The Plaintiff asserts, the Defendant identified herein, as **M3**, entered one or more conspiracies to interfere with the performance of a contract between the Plaintiff and another party, namely with the business entity as ASRC Federal NETCENTRIC TECHNOLOGY, LLC (ASRC); and

VII. **Count TI §766B-7:** The Plaintiff asserts, the Defendant identified herein, as **M3**, entered one or more conspiracies to interfere with the performance of a contract between the Plaintiff and another party, namely with the business entity, a mining company known as Freeport-McMoRan (FCX); and

VIII. **Count TI §766B-8:** The Plaintiff asserts, the Defendant identified herein, as **WO**, entered one or more conspiracies to interfere with the performance of a contract between the Plaintiff and another party, namely the US Equal Employment Opportunity Commission (EEOC): and

IX. **Count TI §766B-9:** The Plaintiff asserts, the Defendant identified herein, as **WO**, entered one or more conspiracies to interfere with the performance of a contract between the Plaintiff and another party, namely the US Department of the Interior, Bureau of Land Management (DOI-BLM): and

X. **Count TI §766B-10:** The Plaintiff asserts, the Defendant identified herein, as **WO**, entered one or more conspiracies to interfere with the performance of a contract between the Plaintiff and another party, namely the US Department of Defense, Department of The Air Force (DOD-USAF): and

XI.    **Count TI §766B-11:** The Plaintiff asserts, the Defendant identified herein, as **WO**, entered one or more conspiracies to interfere with the performance of a contract between the Plaintiff and another party, namely the Monterey County Water Resources Agency (MCWRA); and

XII.    **Count TI §766B-12:** The Plaintiff asserts, the Defendant identified herein, as **WO**, entered one or more conspiracies to interfere with the performance of a contract between the Plaintiff and another party, namely with the Federal entity known as the International Boundary Waters Commission (IWBC); and

XIII.    **Count TI §766B-13:** The Plaintiff asserts, the Defendant identified herein, as **WO**, entered one or more conspiracies to interfere with the performance of a contract between the Plaintiff and another party, namely with the business entity as ASRC Federal NETCENTRIC TECHNOLOGY, LLC (ASRC); and

XIV.    **Count TI §766B-14:** The Plaintiff asserts, the Defendant identified herein, as **WO**, entered one or more conspiracies to interfere with the performance of a contract between the Plaintiff and another party, namely with the business entity, a mining company known as Freeport-McMoRan (FCX); and

XV.    **Count TI §766B-15:** The Plaintiff asserts, the Defendants identified herein, as **BO, JOHN OR JANE DOE**, entered one or more conspiracies to interfere with the performance of a contract between the Plaintiff and another party, namely the US Equal Employment Opportunity Commission (EEOC): and

XVI.    **Count TI §766B-16:** The Plaintiff asserts, the Defendants identified herein, as **BO, JOHN OR JANE DOE**, entered one or more conspiracies to interfere with the performance of a contract between the Plaintiff and another party, namely the US Department of the Interior, Bureau of Land Management (DOI-BLM): and

XVII.    **Count TI §766B-17:** The Plaintiff asserts, the Defendants identified herein, as **BO, JOHN OR JANE DOE,** entered one or more conspiracies to interfere with the performance of a contract between the Plaintiff and another party, namely the US Department of Defense, Department of The Air Force (DOD-USAF): and

XVIII.   **Count TI §766B-18:** The Plaintiff asserts, the Defendants identified herein, as **BO, JOHN OR JANE DOE,** entered one or more conspiracies to interfere with the performance of a contract between the Plaintiff and another party, namely the Monterey County Water Resources Agency (MCWRA); and

XIX.    **Count TI §766B-19:** The Plaintiff asserts, the Defendants identified herein, as **BO, JOHN OR JANE DOE,** entered one or more conspiracies to interfere with the performance of a contract between the Plaintiff and another party, namely with the Federal entity known as the International Boundary Waters Commission (IWBC); and

XX.    **Count TI §766B-20:** The Plaintiff asserts, the Defendants identified herein, as **BO, JOHN OR JANE DOE,** entered one or more conspiracies to interfere with the performance of a contract between the Plaintiff and another party, namely with the business entity as ASRC Federal NETCENTRIC TECHNOLOGY, LLC (ASRC); and

XXI.    **Count TI §766B-21:** The Plaintiff asserts, the Defendants identified herein, as **BO, JOHN OR JANE DOE,** entered one or more conspiracies to interfere with the performance of a contract between the Plaintiff and another party, namely with the business entity, a mining company known as Freeport-McMoRan (FCX); and

XXII.    **Count TI §766B-22:** The Plaintiff asserts, the Defendant identified herein, as **BO,** in her individual and personal capacity, entered one or more conspiracies to interfere with the performance of a contract between the Plaintiff and another party, namely with the business entity, known as M3 Engineering and Technology (M3); and

XXIII.  **Count TI §766B-23:** The Plaintiff asserts, the Defendant identified herein, as **WO,** in his individual and personal capacity, entered one or more conspiracies to interfere with the performance of a contract between the Plaintiff and another party, namely with the business entity, known as M3 Engineering and Technology (M3); and

XXIV.  **Count TI §766B-24:** The Plaintiff asserts, the Defendant identified herein, as **BO,** in her individual and personal capacity, entered one or more conspiracies to interfere with the performance of a contract between the Plaintiff and another party, namely with the business entities Plaintiff was engaged with to refinance his real property; and

XXV.  **Count TI §766B-25:** The Plaintiff asserts, the Defendant identified herein, as **WO,** in his individual and personal capacity, entered one or more conspiracies to interfere with the performance of a contract between the Plaintiff and another party, namely with the business entities Plaintiff was engaged with to refinance his real property; and

XXVI.  **Count TI §766B-25:** The Plaintiff asserts, the Defendant identified herein, as **M3,** entered one or more conspiracies to interfere with the performance of a contract between the Plaintiff and another party, namely with the business entities Plaintiff was engaged with to refinance his real property; and

**D) Defendants Negligence**

## NEGLIGENCE

I.  Each paragraph of this Complaint is incorporated as if restated fully herein; and

II.  Defendants had a duty to Plaintiff to act with ordinary care and prudence, as law enforcement officers and their employers, so as not to allow a crime to be committed with advance notice, causing distress, harm or injury to the Plaintiff; and

III.  By engaging in the manner described in this Complaint, Defendants/Co-Defendants failed to act with ordinary care and breached their duty of care owed to Plaintiff; and

IV.   As a direct and proximate result of the conduct referenced above, Plaintiff incurred
      sufferings and fiscal harm; and

V.    **Count NEG-1**: Plaintiff's sufferings and financial harms were caused by the conduct that
      falls below the standards of behavior established by law for the protection of others against
      unreasonable risk of harm from civil rights violations and interference with a federal
      officer and his employment related contracts. Defendant **M3**, has acted negligently if as a
      business entity when it departed from the conduct expected of a reasonably prudent person
      or business acting under similar circumstances; and

VI.   **Count NEG-2**: The Plaintiff asserts, the Defendant identified herein, as **WO**, imputed
      Plaintiff's sufferings and financial harms caused by his conduct that falls below the
      standards of behavior established by law for the protection of others against unreasonable
      risk of harm from civil rights violations and interference with a federal officer and his
      employment related contracts. Defendant **WO,** has acted negligently if as a person, when
      he departed from the conduct expected of a reasonably prudent person or business acting
      under similar circumstances; and

VII.  **Count NEG-3**: The Plaintiff asserts, the Defendant identified herein, as **BO**, imputed
      Plaintiff's sufferings and financial harms caused by her conduct that falls below the
      standards of behavior established by law for the protection of others against unreasonable
      risk of harm from civil rights violations and interference with a federal officer and his
      employment related contracts. Defendant **BO,** has acted negligently if as a person, when
      she departed from the conduct expected of a reasonably prudent person or business acting
      under similar circumstances; and

VIII. **Count NEG-4**: The Plaintiff asserts, the Defendant identified herein, as **John Doe**,
      imputed Plaintiff's sufferings and financial harms caused by his conduct that falls below
      the standards of behavior established by law for the protection of others against

unreasonable risk of harm from civil rights violations and interference with a federal officer and his employment related contracts. Defendant **John Doe,** has acted negligently if as a person, when he departed from the conduct expected of a reasonably prudent person or business acting under similar circumstances; and

IX.    **Count NEG-5**: The Plaintiff asserts, the Defendant identified herein, as **Jane Doe,** imputed Plaintiff's sufferings and financial harms caused by her conduct that falls below the standards of behavior established by law for the protection of others against unreasonable risk of harm from civil rights violations and interference with a federal officer and his employment related contracts. Defendant **John Doe,** has acted negligently if as a person, when she departed from the conduct expected of a reasonably prudent person or business acting under similar circumstances; and

## FAILURE TO INTERVENE

I.    Each paragraph of this Complaint is incorporated as if restated fully herein; and

II.    In the manner described in this Complaint, Defendants had knowledge that conspiratorial wrongs were about to be committed; and

III.    Each of the Defendants had the power to prevent or aid in preventing the commission of those wrongs; and

IV.    Defendants neglected to prevent or aid in preventing these wrongful acts where the wrongful acts were committed and could have been prevented by reasonable diligence; and

V.    As a direct and proximate result of the conduct referenced above, Plaintiffs constitutional, equal employment and contractual rights were violated, and he suffered injuries, including emotional and physical distress and financial harm, and.

VI.   **Count NEG-5**: Plaintiff's sufferings and financial harms were caused by the policies, practices, and customs of Defendant **M3** as well as by the actions of policy-making officials for **M3**. The Plaintiff asserts, the Defendant identified herein, as **M3**, was negligent in preventing one or more of its agents or proxies from entering into, or from fully executing, the conspiracies, deceits, frauds and torts identified herein. Plaintiff's sufferings and financial harms were directly and proximately caused by officers, agents, and employees of **M3**, including but not limited to its agents and proxies, who acted pursuant to one or more of the policies, practices, and customs of **M3** as set forth above in permitting the agents/proxies engaging in the misconduct described in this Complaint; and

VII.  **Count NEG-6**: The Plaintiff asserts, the Defendant identified herein, as **WO**, was negligent in preventing one or more of his co-conspirators from entering into, or from fully executing, the conspiracies, deceits, frauds and torts identified herein; and

VIII. **Count NEG-7**: The Plaintiff asserts, the Defendant identified herein, as **BO**, was negligent in preventing one or more of his co-conspirators from entering into, or from fully executing, the conspiracies, deceits, frauds and torts identified herein; and

IX.   **Count NEG-8**: The Plaintiff asserts, the Defendant identified herein, as **John Doe** was negligent in preventing one or more of his co-conspirators from entering into, or from fully executing, the conspiracies, deceits, frauds and torts identified herein; and

X.    **Count NEG-9**: The Plaintiff asserts, the Defendant identified herein, as **Jane Doe** was negligent in preventing one or more of his co-conspirators from entering into, or from fully executing, the conspiracies, deceits, frauds and torts identified herein; and

## NEGLIGENT HIRING, SUPERVISION AND TRAINING

I.    Each paragraph of this Complaint is incorporated as if restated fully herein; and

II.   Plaintiff suffered damages from foreseeable misconduct of employees and agents supervised by Defendant **M3**; and

III.  **Count NEG-10**: The Co-Defendants' employees, as agents and proxies of **M3**, in supervisory roles had a duty to properly supervise officers and to oversee their actions and have an awareness of Defendant **WO** proclivities. Defendant **M3**, blatantly disregarded the high probability that, by permitting their officers and agents to violate citizens constitutional and equal employment rights, one or more persons, inclusive of the Plaintiff would come forward in the face of false accusations, with sufficient evidence of misconduct, and Defendant **M3** was therefore negligent in their non-discretionary duties to supervise individual officers in their agencies. As a direct and proximate result of the negligent supervision described above, Plaintiff was imputed various sufferings, including emotional and physical distress and economic harms; and

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

I.    Each paragraph of this Complaint is incorporated as if restated fully herein; and

II.   In the manner described in this Complaint, Defendants engaged in extreme and outrageous conduct; and

III.  **Count NEG-11**: Defendants' actions set forth above were rooted in an abuse of power or authority. Defendants' actions set forth above were undertaken with intent or knowledge that there was a high probability that the conduct would inflict severe emotional, physical and financial distress up to and inclusive of death, as self-inflicted to ease the pain and suffering and with reckless disregard of that probability. Defendants' actions set forth above were undertaken with malice, willfulness, and reckless indifference to the rights of others. Defendants' conduct intentionally or recklessly caused severe emotional distress to another.

## DAMAGES and SPECIAL DAMAGES

I.  **Count NEG-11**: Pursuant to The Second Restatement and supplemental Federal and state law civil rights claims, Plaintiff is entitled to an award of compensatory damages against the Defendants; and

II.  In the wrongful acts or omissions described in this complaint, defendant acted with fraud, oppression, and malice; and

III.  By reason of Defendants' acts or omissions described in this complaint, Plaintiff is entitled to recover punitive and exemplary damages; and

IV.  Also if Plaintiff is the prevailing party in this litigation, then he will be entitled to receive an award of reasonable attorneys' fees, non-taxable expenses and costs.

V.  Accordingly, the Plaintiff demands One Million Five Hundred Thousand Dollars (1,500,00.00), and certain documentation as non-pecuniary damages referencing the Plaintiffs good character and recommendations by the Defendants for employment.

## COMPLAINT SUMMARY

In conclusion, as asserted in the paragraphs herein, **Defendant's** conduct was intentional, as its "employees/agents/representatives", collectively as "agents" of **M3**, in groups of two (2) or more persons, inclusive of Defendants **WO, BO, John Doe** and **Jane Doe**, acted for the purpose, in whole or in part, of bringing about a particular result, and/or knowing his or her acts or words, were likely to bring about that result. The purpose for which the "agents" of **M3**, and its co-conspirators did act in conspiracy, was only for illegitimate purposes, that is namely to defraud the Plaintiff of fair and open consideration for employment by **M3** and others, interference with his contractual obligations and performance as a Federal Officer.

Additionally, pursuant to certain entitlements owed to the United States, by the Plaintiff, as required under certain laws applicable to this employment disputes, The Defendants, unlawfully obstructed the Plaintiff, from performing his obligations as a Federal employee, that was namely, deterring said unlawful conduct, and/or to otherwise unlawfully harass, discriminate and retaliate against the Plaintiff, with specific intent to permanently interfere with the Plaintiffs then current and future employment related contractual relationships. Though pursuant to Federal and State doctrine, it is not necessary that a person act or speak with malice or ill will, but the presence of malice or ill will, may be considered in determining if the conduct is intentional.

Therefore **M3**, was imputed agency liability, when certain "employee/agents/proxies" of **M3**, conspired with one or more other persons, and/or unlawfully coerced one or more other persons, they violated the Plaintiffs rights pursuant to the protections provided to him by law.

**WHEREFORE**, Plaintiff, Lawrence Houston Hobbs, prays for judgment against Defendants, **JM#, William Oppenheimer, Barbra Oppenheimer, John Doe and Jane** Doe, in a fair and just amount sufficient to compensate PLAINTIFF for the injuries he has suffered, plus a substantial sum in punitive damages, as well as costs, attorney's fees, and such other relief, as declaratory and/or injunctive relief, as is just and equitable; and

**PLAINTIFF demands a trial by jury pursuant to** <u>**Federal Rule of Civil Procedure 38(b)**</u> **on all issues so triable.**

"/s/" *Lawrence H. Hobbs* signed electronically
Plaintiff, *Pro Se*, Lawrence Houston Hobbs
P.O. Box 1880
1300 FM 2673
Canyon Lake, TX
78133-9998
PH: 830-313-3591
EMAIL: lhhcivaxion@gmail.com

*Hobbs v. M3*
as Filed D. Az. 11/28/22

Page **91** of 91

Attachment - Certificate of Service

## CERTIFICATE OF SERVICE

I, Lawrence Houston Hobbs, Plaintiff *pro se*, do here by certify that on or about the 28th Day of

November 2022, a true and correct copy of the foregoing pleading(s), namely, Original Complaint,

a copy of said Complaint, and a request for waiver of service,  and associated documents, if required,

was forwarded to either the Defendant proper and/or the assumed legal representation for Defendant,

either electronically by Email, and/or  by U.S. Mail Delivery, First Class or greater, at the following

address:

| **William Oppenheimer** | **Barbara Jean Oppenheimer** | **M3 & John and/or Jane Doe** |
| --- | --- | --- |
| 10036 N Wild Creek Dr, Oro Valley; Pima County AZ 85742 520-248-3967 William.Oppenheimer@m3eng.com | 10036 N Wild Creek Dr, Oro Valley; Pima County AZ 85742 c/o 520-248-3967 William.Oppenheimer@m3eng.com | c/o M3 Engineering & Technology Corporate Office, 2051 W. Sunset Rd., Suite 101, Tucson, Arizona 85704, T +1 520 293 1488, F +1 520 293 8349, Email: m3@m3eng.com |

Dated: 11/28/2022

"s/s" Lawrence H Hobbs signed electronically

Signature of Plaintiff

Plaintiff, *Pro Se,* Lawrence Houston Hobbs

P.O. Box 1880/1300 FM 2673

Canyon Lake, TX. 78133-9998

PH: 830-313-3591

EMAIL: lhhcivaxion@gmail.com