**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lawrence H Hobbs, | No. CV-22-00540-TUC-JCH |
| Plaintiff, | **ORDER** |
| v. | |
| M3 Engineering & Technology Corporation, et al., | |
| Defendants. | |

Before the Court are pro se Plaintiff's "Request for Clerk's Entry of Default [Judgment]," Doc. 35, 45-page "Motion for Default Judgment," Doc. 36, and "Motion to Take Leave to File Paper." Doc. 37. Plaintiff alleges Defendants have not denied any of his allegations, filed an answer, or responded to his motion to strike by the deadline to do so.[1] Doc. 35 at 2–5; *see also, e.g.*, Doc. 36 at 7, 9, 10, 16, 19, 20. Plaintiff further requests leave to exceed the 17-page filing limit because "everything which is required to be said, must be said without limitation, and in the interests of judicial efficiency." Doc. 37 at 2. Plaintiff alternately states that Defendants' Motion to Dismiss should be struck from the record because it was submitted under fraudulent pretexts and failed to overcome Plaintiff's arguments. Doc. 37 at 4–5. Plaintiff also alternately states that the Court "shall hold a hearing on this matter, and therefore will be in all things granted pursuant to the

---

[1] Plaintiff's lodged 43-page "Motion to Strike Defendants Pleading" (Doc. 32) was never filed because the Court struck it from the docket after denying the attendant "Motion to Take Leave to File Paper" (Doc. 31). Doc. 33. The Court also pointed out that the Motion to Strike was duplicative under LRCiv 7.2(m)(2) and improper under LRCiv 7.2.(m)(1). Doc. 33 at 2.

Plaintiff[']s additional arguments." Doc. 37 at 5.

## I.     Legal Standard

Default judgment is appropriate "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend[.]" Fed. R. Civ. P. 55.

## II.    Analysis

On December 5, 2022, Plaintiff filed his Complaint. Doc. 1. Thirty-eight days later, on January 12, 2023, Defendants filed a Motion to Dismiss. Doc. 8. The next day, Defendants filed three waivers of service. Docs. 13, 14, 15. These waivers acknowledged that the signers "must file and serve an answer or a motion under Rule 12 within 60 days from 11/28/22, the date when this request was sent[.]" *E.g.*, Doc. 13 at 1; *see also* Fed. R. Civ. P. 12(a)(1)(A)(ii) (responsive pleading required within 60 days of receiving service waiver). Defendants have not "failed to plead or otherwise defend" because they filed a responsive pleading within the required time to do so. The Court will summarily deny Plaintiff's Motion for Default without requiring Defendants to respond.

Plaintiff is reminded again that he must comply with the procedural rules, including the local rules on page limits. The interests of judicial efficiency are not served by lengthy motions that could be much shorter.

## III.   Order

Accordingly,

**IT IS ORDERED SUMMARILY DENYING** Plaintiff's Motion for Default Judgment (Doc. 36).

**IT IS FURTHER ORDERED DENYING AS MOOT** Plaintiff's Motion to Take Leave to File Paper (Doc. 37).

Dated this 22nd day of May, 2023.

Honorable John C. Hinderaker
United States District Judge