WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lawrence H Hobbs,<br><br>        Plaintiff,<br><br>v.<br><br>M3 Engineering & Technology Corporation, et al.,<br><br>        Defendants. | No. CV-22-00540-TUC-JCH<br><br>*Consolidated with:*<br><br>No. CV-22-00290-TUC-JCH<br><br>**ORDER** |

In this case, pro se Plaintiff seeks to hold Defendants accountable for more than 130 counts or claims stemming from Plaintiff's denial of employment by M3. Before the Court is Defendants' Motion to Dismiss. Doc. 8. The Motion is fully briefed, Docs. 29, 30, and the Court finds the matter appropriate for resolution without oral argument. *See* LRCiv 7.2(f). The Court will grant the Motion without prejudice as follows.

**I.    Background**

This is not Plaintiff's first attempt to state a claim against Defendants. In June 2022, Plaintiff filed his first, 12-page complaint under Case Number 22-cv-290-TUC-JCH ("Case 290"). Case 290, Doc. 1. Plaintiff alleged nine claims against Oppenheimer and his wife, as well as two unnamed John and Jane Doe defendants listed "c/o M3 Engineering & Technology Corporate Office." *Id.* at 12. The Court dismissed all defendants except Oppenheimer, as well as most of Plaintiff's claims under Rule 12(b)(6). Case 290, Doc. 14 at 16. The Court granted leave to amend to "provide additional facts—not legal authority or arguments[.]" *Id.*

In December 2022, Plaintiff filed an 88-page amended complaint. Case 290, Doc. 16. He simultaneously filed a 92-page original complaint under Case Number 22-cv-540-TUC-RCC ("Case 540"). Case 540, Doc. 1. The amended complaint in Case 290 and the original complaint in Case 540 were nearly identical except Case 540 included M3 as a named defendant. *Compare, e.g.*, Case 290, Doc. 16 at 4–5, 7, 19, 76–77, 80–81, 88, *with* Case 540, Doc. 1 at 4, 5, 18, 76–77, 81–82, 91. The Court transferred Case 540 to the undersigned, Doc. 22, and consolidated the cases into the higher number in the interest of judicial economy. *See* Doc. 23 at 5. Considering these developments, the Court will refer to the complaint in Case 540, Doc. 1, as the "Consolidated Complaint" or "CC."

I.     **Legal Standards**

**Rule 8.** To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8. Although the complaint "does not need detailed factual allegations, … a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To comply with Rule 8, "a complaint must give fair notice and state the elements of the claim plainly and succinctly." *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984). A complaint that is "needlessly long, or … highly repetitious, or confused, or consisting of incomprehensible rambling" violates Rule 8. *Cafasso v. Gen. Dynamics C4 Sys.*, 637 F.3d 1047, 1059 (9th Cir. 2011) (citation omitted). Rule 8 is a frequent barrier encountered by pro se litigants who file inordinately long complaints. *Orea v. Quality Loan Serv., Corp.*, 2019 WL 8884117, at *4 (C.D. Cal. Nov. 26, 2019) (collecting cases), *aff'd*, 859 F. App'x 799 (9th Cir. 2021).

**Rule 15.** Leave to amend "shall be given freely when justice so requires." Fed. R. Civ. P. 15(a). This policy is applied with "extreme liberality." *Eminence Capital, L.L.C. v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003). But leave to amend may be denied if a party repeatedly fails to cure deficiencies identified by the Court. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

## II. Analysis

**A. The Court will grant Defendant's motion without prejudice primarily because the Consolidated Complaint is needlessly long and conclusory.**

The Consolidated Complaint fails to comply with Rule 8 because it is not short, succinct, or plain. Ninety-two pages is notably long on its face. Ninety-two pages is also long compared with the original, 12-page complaint in Case 290. Contrasting the two illuminates Plaintiff's flawed approach and may help guide his amendment.[1]

In the Case 290 complaint, Plaintiff's facts are provided in one page under a section titled "Background." Case 290, Doc. 1 at 5–6. These facts include details about M3, Plaintiff's relationship to Oppenheimer, and a series of events leading up to the Case 290 lawsuit. *See id.* By contrast, the Consolidated Complaint's sections titled "Parties, Jurisdiction, and Venue" and "Background Introduction" contain roughly the same facts yet stretch over 14 pages. *See* CC at 4–18. Some of the facts from the Case 290 complaint can be found throughout the Consolidated Complaint's sections. For example, the description of M3 that appears in the Case 290 complaint at page 5 is largely unchanged. *See* CC at 5–7. Similarly, the allegation that Oppenheimer and his wife falsely told M3 that Plaintiff lost his driver's license at his prior employment appears in both complaints. *Compare* Case 290, Doc. 1 at 5, *with* CC at 13. Some allegations are new. For example, Plaintiff now claims to be a federal employee. *See, e.g.*, CC at 12 ("Plaintiff at all relevant times was, is or shall remain a Federal employee, therefore a "Federal Officer", engaged in an employment dispute with his Federal employers on the grounds of violations of equal employment and whistleblowing laws[.]"), 50 (asserting without reference to the law or to facts that Plaintiff "remains" a federal officer "until his employment disputes are resolved in the Federal courts.").

These familiar and new allegations in the facts section dot a sea of legal

---

[1] The fact that the Consolidated Complaint is opaque unless read together with the original complaint further supports dismissal. An amended complaint completely supersedes its predecessor. Defendants are not obligated to perform a careful comparison of the old and new to determine the charges they face. The claims and the grounds for them must be apparent from the amended complaint itself.

conclusions. For example, the allegation about Plaintiff losing his driver's license appears after the allegation that Oppenheimer and his wife "subsequently executed defamatory, slanderous, perjurious and libelous statements as '*Defamation Per Se*[.]'" CC at 13. Before that, Plaintiff alleges Oppenheimer "extended a verbal contract offer of employment" to Plaintiff. *Id.* As the Court previously explained, characterizing facts with legal language "is a conclusion of law reserved for the Court." Case 290, Doc. 14 at 9. Plaintiff is advised to consider the difference between a fact and a legal conclusion. Alleging primarily legal conclusions could end his case before it starts. *See, e.g.*, *Twombly*, 550 U.S. at 555.

The facts are diluted further in the section titled "Legal Basis for Complaint and Counts of Unlawful Conduct." The original complaint alleged nine claims in about a page. *See* Case 290, Doc. 1. The Consolidated Complaint alleges more than 130 counts or claims over 70 pages. CC at 18–91. The original complaint contained a single claim for tortious interference with a prospective contract. Case 290, Doc. 1 at 7. The Consolidated Complaint contains more than 25. *See* CC at 81–85 (Counts "TI § 766B-1" through "TI § 766B-25"). The failings of these claims are illustrative of the others. The tortious interference with prospective contract claims allege that M3, Oppenheimer and his wife, and unknown John or Jane Does "entered into one or more conspiracies to interfere with the performance of a contract between the plaintiff and ['the business entities Plaintiff was engaged with to refinance his real property,' the U.S. Equal Employment Opportunity Commission, the U.S. Department of the Interior Bureau of Land Management, the U.S. Air Force, the Monterey County Water Resources Agency, the International Boundary Waters Commission, the 'ASRC Federal Netcentric Technology, LLC,' and 'a mining company known as Freeport-McMoRan']." *See id.* These claims are mostly unconnected to any facts whatsoever. *See, e.g.*, CC at 17–18 (concluding that the entities listed above all "detrimentally interfered with Plaintiff's employment relationship" but providing no associated facts). The other 100 or more claims are similarly deficient. *See, e.g.*, CC at 43, 48, 52, 59, 64, 71 (asserting without reference to

any facts the theory that Defendants retaliated against Plaintiff as way to achieve "'social justice' for the misconduct of others … based on the tidal wave of current events").

The Consolidated Complaint also fails to comply with Rule 12 because the few facts it alleges fail to state a claim. As with the original complaint, the Consolidated Complaint alleges both that Oppenheimer formed an employment contract with Plaintiff on behalf of M3, and that Plaintiff subsequently applied to work at M3. CC at 8, 15. Similarly, the Consolidated Complaint alleges both that Oppenheimer offered Plaintiff a job and that Oppenheimer sabotaged Plaintiff's application. CC at 12–13. And the Consolidated Complaint alleges both that M3 withdrew its offer and declined to extend an offer to Plaintiff, both as the result of Oppenheimer's statements and to retaliate against Plaintiff for whistleblowing. *See* CC at 11, 13, 14–17. These facts are in significant tension with each other. As the Court previously noted, inconsistent facts, even when accepted as true, reduce their plausibility. Case 290, Doc. 14 at 8.

Thus, the Consolidated Complaints few allegations that are not entirely conclusory are contradictory and vague. That is insufficient to raise Plaintiff's right to relief above a speculative level. It is also insufficient to state claims for, among others, conspiracy to defraud the United States under 18 U.S.C. § 371, CC at 19, unlawful disclosure of information by public employees under A.R.S. § 23-1501(b)(v), CC at 22, frauds and swindles under 18 U.S.C. § 1341, CC at 23, promissory estoppel and fraud generally, CC at 20–24, conspiracy, CC at 24–35, Privacy Act violations by a government agency under 5 U.S.C. § 552, CC at 35, First and Fourteenth Amendment retaliation, CC at 35–40, criminal interference with a government employee under 36 C.F.R. § 327.24, CC at 46, perjury under 18 U.S.C. § 1621, *id.*, state or federal employment-based discrimination, CC at 40–49, criminal coercion under 25 C.F.R. § 11.406, CC at 49, interference with a federal officer, CC at 50–54, "defamation/slander, libel and perjury," CC at 54–65, interference with contract or expectancy, CC at 66–85, negligence, CC at 85–89, or intentional infliction of emotional distress, CC at 89.

The Consolidated Complaint also fails to comply with the Court's previous Order

in Case 290. The Court gave leave to amend to add facts, not legal arguments and conclusions. Case 290, Doc. 14 at 16. Plaintiff chose instead to add 76 pages of legalese, recitations of elements, and endless counts within counts. For all these reasons, the Court will dismiss under Rules 8 and 12(b)(6). Portions of the Consolidated Complaint allege fraud, so the Court will also dismiss those portions under Rule 9. *See* Fed. R. Civ. P. 9 (heightened pleading standard).

### B. The Court will grant another amendment because pro se Plaintiff has had only one opportunity to amend and must be treated liberally.

Notwithstanding the liberal construal of pro se pleadings, "[p]ro se litigants must follow the same rules of procedure that govern other litigants." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1986); *see also Jacobsen v. Filler*, 790 F.2d 1362, 1364-65 (9th Cir. 1986) (pro se litigants should not be treated more favorably than parties represented by attorneys); *United States v. Flewitt*, 874 F.2d 669, 675 (9th Cir. 1989) (pro se litigants are subject to the same good faith limitations imposed on lawyers). Plaintiff is strongly encouraged to become familiar with and follow the Federal Rules of Civil Procedure and the Rules of the United States District Court for the District of Arizona ("Local Rules"), which may be obtained in the Clerk of Court's office.[2]

Defendants urge that dismissal with prejudice is warranted. Doc. 8 at 9–13. Defendants' primary case is not on point despite some similarities. *See id.* at 10 (citing *Nevijel v. North Coast Life Ins. Co.*, 651 F.2d 671, 673 (9th Cir. 1981)). In *Nevijel*, the Court affirmed dismissal with prejudice of an amended complaint for failure to comply with Rule 8 and with a previous Court order, but also under Rules 4(a), 12(b)(6), and a local rule. 651 F.2d at 673. Critically, plaintiffs in *Nevijel* were not pro se. *See id.* at 672. Defendants' other case involved a second amended complaint, not a first amended complaint as in this case. *See* Doc. 30 at 8 (citing *Gottschalk v. City & County of San*

---

[2] The rules also are available on this District Court's website, along with a Handbook for Self-Represented Litigants that may help Plaintiff understand the litigation process. *See* U.S. District Court, District of Arizona, Information for those Proceeding Without an Attorney (Pro Se), https://www.azd.uscourts.gov/proceeding-without-attorney (last visited May 22, 2023).

Francisco, 964 F. Supp. 2d 1147 (N.D. Cal. 2013)). In this case, Plaintiff has ignored a Court order and failed to comply with Rules 8 and 12. But the Court is obliged to permit amendment liberally, particularly with pro se litigants. The Court will be more inclined to dismiss with prejudice if Plaintiff's next amended complaint still is not substantially in compliance with the Court's orders and the local and federal rules.

### C. Motion to Strike

In his 89-page response, Plaintiff asserts that "Defendants['] motion for dismissal should be stricken from the record as it was submitted under fraudulent pretexts and otherwise failed to overcome the Plaintiff[']s opposition arguments." Doc. 29 at 86. Plaintiff subsequently lodged a separate 43-page Motion to Strike together with a 7-page "Motion to Take Leave to File Paper." Doc. 31. The Court denied Plaintiff's motion for leave, explaining that Plaintiff's motion was not authorized by statute or rule, and that Defendants' motion to dismiss was properly brought under Rules 8, 12, and 41. Doc. 33 at 2. The Court further acknowledged that Plaintiff's separate motion to strike was improper under LRCiv 7.2(m)(1) and duplicative under LRCiv 7.2(m)(2), which permits objections to the admissibility of evidence offered in a response. The Court will now deny Plaintiff's motion under Local Rule 7.2(m)(2) because Plaintiff has not overcome Defendants' arguments or identified any fraudulent pretext for their motion to dismiss.

### III. Order

Accordingly,

**IT IS ORDERED GRANTING WITHOUT PREJUDICE** Defendants' Motion to Dismiss (Doc. 8). Plaintiff has leave to amend his complaint consistent with the federal and local rules, this Order, and the Court's previous Order (Case 290, Doc. 14). Plaintiff shall file his amended complaint no later than **June 30, 2023**. Plaintiff must seek leave to file a second amended complaint that exceeds 21 pages.

///

///

///

**IT IS FURTHER ORDERED DENYING** Plaintiff's motion to strike (Doc. 29).

**IT IS FURTHER ORDERED ADVISING** Plaintiff that failure to comply with the Court's orders or the local or federal rules will result in dismissal with prejudice.

Dated this 25th day of May, 2023.

_____
Honorable John C. Hinderaker
United States District Judge